**Jack W. THOMPSON, Appellant**

v.

**David RICARDO & Kara K. Peak, Appellees.**

**No. 14-07-00333-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 26, 2008.

---

Travis Thompson, Houston, TX, for appellants.

Mark Taboada and Jack W. Thompson, Houston, TX, for appellees.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

Attorney Jack W. Thompson represented Niki Koestens in a legal proceeding to have property declared her homestead under Article XVI, section 50 of the Texas Constitution and section 41.001 of the Texas Property Code. Appellees David Ricardo and Kara K. Peak filed a motion for sanctions under Rule 13 of the Texas Rules of Civil Procedure, (1) alleging that Thompson filed a groundless pleading and (2) requesting that the trial court hold Koestens and Thompson jointly and severally liable for attorney's fees, for the amounts due on the notes payable on two deeds of trust granted on the Property, and for punitive damages. The trial court granted the motion for sanctions, but instead of imposing a monetary sanction on Thompson, the court ordered him to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007." Thompson then brought this appeal.

**Factual and Procedural Background**

According to the parties' pleadings, Ricardo was the plaintiff in a prior lawsuit against Koestens and her business, Niki's Auto Shop & Repair. On March 31, 2005, Ricardo obtained an agreed judgment against Koestens and her business in the amount of $64,320.00. Constable Jack W. Abercia subsequently levied on a parcel of real property owned by Koestens ("the Property"), which was thereafter sold at a Constable's sale to Peak.

Nearly two months later, Koestens filed a declaratory judgment action against appellees and Constable Abercia, seeking to have the Property declared her homestead under Article XVI, section 50 of the Texas Constitution and section 41.001 of the Texas Property Code. In addition, Koestens sought to have the Constable's sale set aside and the Constable's Deed declared a nullity, and requested injunctive relief to prevent appellees from evicting her from the Property. Koestens further sought to recover damages from appellees for "abuse of process, negligent and intentional infliction of emotional distress, conversion, common law tortious collection practices, and constructive fraud," as well as punitive damages and attorney's fees. Thompson represented Koestens in both the prior lawsuit and in the declaratory judgment action.

Appellees thereafter filed a motion for sanctions against Koestens and Thompson under Rule 13 of the Texas Rules of Civil Procedure. Appellees alleged that Koestens's answers to an oral deposition in the prior lawsuit directly contradicted statements contained in the petition filed in the declaratory judgment action and contradicted her affidavit filed in response to appellees' motion for summary judgment. Appellees argued that Koestens's prior deposition testimony supported only the conclusion that she had abandoned the Property, and that her declaratory judgment action was therefore groundless. Appellees further alleged that Thompson was present and participated in this deposition, that he was aware of the facts stated in the deposition, and that he therefore knew (1) Koestens's pleading in the declaratory judgment action was groundless when it was filed; and (2) the facts contained in Koestens's sworn affidavit were false when it was filed. Appellees requested that the trial court hold Koestens and Thompson jointly and severally liable for attorney's fees, the amounts due on the notes payable on two deeds of trust that had been grant-

ed on the Property,[1] and punitive damages.

Koestens later nonsuited her declaratory judgment action. The trial court subsequently conducted a hearing on appellees' motion for sanctions, and ultimately granted the motion. However, instead of imposing the specific sanctions requested by appellees, the trial court ordered Koestens to pay Ricardo $15,000 no later than January 31, 2007. The trial court further ordered Koestens and Thompson to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007." Only Thompson appealed.

**Issues on Appeal**

In six issues, Thompson contends that the trial court erred in granting appellees' motion for sanctions. Essentially, Thompson complains that the trial court failed to comply with the requisites of Rule 13 of the Texas Rules of Civil Procedure, because the trial court (1) sanctioned him while finding that the underlying suit was not groundless; (2) sanctioned him in such vague and ambiguous terms that its order is unenforceable and void; (3) failed to state good cause for sanctions in its order; and (4) failed to identify specific acts or omissions which served as the basis for sanctions in its order. Thompson further contends that, at the hearing on appellees' motion for sanctions, the trial court refused him the opportunity to testify or otherwise address the court on his own behalf, and that this refusal constitutes a denial of due process. Finally, Thompson asserts that, because the record does not support a finding of "conscious doing of wrong," or support a finding that he "took actions for the purposes of annoying, threatening, or verbally abusing" appellees, the trial court erred in finding that he

acted in bad faith and for the purposes of harassment.

In contrast, appellees assert, among other things, that Thompson's appeal is moot. Specifically, appellees argue that, because Thompson has fully complied with the sanctions order entered by the trial court, "the action [he] was trying to prevent from happening has already happened." We agree with appellees that Thompson has completed the actions specified in the trial court's order, and that his appeal is moot. Accordingly, without reference to the merits, we vacate that portion of the trial court's order requiring Thompson to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007," and we dismiss the motion for sanctions as to Thompson.

**Analysis**

**A. The Mootness Doctrine**

■■■■ Neither the Texas Constitution nor the Texas Legislature has vested this Court with the authority to render advisory opinions. *See* TEX. CONST. art. II, § 1; *see also Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988). The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *Fed. Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994). When there ceases to be a controversy between the litigating parties due to events occurring after the trial court has rendered judgment, the decision of an appellate court would be a mere academic exercise, and the court may not decide the appeal. *See Olson v. Comm'n for Lawyer Discipline,* 901 S.W.2d 520, 522 (Tex.App.-El Paso 1995, no writ). Stated differently, if a judgment cannot have a practical effect on an existing controversy, the case is moot. *Id.* In

1. The record indicates that Koestens granted two deeds of trust on the Property to Kubosh Bail Bonds to secure payment on two notes: one in the amount of $15,000, and a second in the amount of $10,000.

that situation, the appellate court is required to vacate the judgment of the trial court, and dismiss the underlying cause of action. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228 (Tex.1993); *see also Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990) (stating that if no controversy continues to exist between the parties, the appeal is moot and the court of appeal must dismiss the cause); *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725, 726 (1958) (explaining that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed).[2]

This Court has previously held that a party's completion of the actions specified in a trial court's sanctions order renders his appeal of that sanctions order moot. *See Barrera v. State*, 130 S.W.3d 253, 260 (Tex.App.-Houston [14th Dist.] 2004, no pet) (citing *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 235 (Tex.1982)).

Therefore, we will examine whether Thompson has completed the actions specified in the trial court's order, thereby rendering his appeal of this issue moot.

## B. Thompson Has Completed The Actions Specified In The Trial Court's Order

■ From our review of the record, it is evident that Thompson has completed the actions specified in the trial court's order. As noted above, the trial court ordered Thompson to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007." There were two liens on the Property—one in the amount of $15,000, and a second in the amount of $10,000—both granted to Kubosh Bail Bonds, and a notice of lis pendens filed by Koestens. Thompson himself prepared releases for both liens and for the notice of lis pendens;[3] the release for the notice of lis pendens was executed by Koestens on December 28, 2006, and

2. The Texas Supreme Court has recognized two exceptions to the mootness doctrine, neither of which apply here: (1) the "capable of repetition yet evading review exception"; and (2) the "collateral consequences exception." *See Gen. Land Office*, 789 S.W.2d at 571. The former applies where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot, and has only been used to challenge unconstitutional acts performed by the government. *Id.* The latter is invoked only under narrow circumstances, when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal that judgment. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex.2006). In order to invoke the collateral consequences exception, Thompson must show (1) a concrete disadvantage resulted from the judgment; and (2) the disadvantage will persist even if the judgment is vacated and the case dismissed as moot. *Id.* Thompson does not contend that either exception applies to the present appeal, nor does he attempt to demonstrate (1) a concrete disadvantage resulted from the trial court's judg-

ment; or (2) he will continue to suffer any adverse consequences if the judgment below is vacated and the cause dismissed as moot. Therefore, neither exception applies to this appeal.

3. There is additional evidence that Thompson himself took actions to comply with the trial court's sanctions order. Apparently, Thompson also authored a letter to Koestens, dated December 26, 2006, in which he (1) explains the practical effect of the trial court's sanctions order; (2) instructs her to execute the release of the notice of lis pendens, and to have Mr. Kubosh execute the releases of liens; and (3) requests that she "take care of these matters right away." This letter, attached as Exhibit A to appellees' "Partial Withdrawal Of Motion For Enforcement Of Orders And Request To Cancel Hearing," is present in appellees' brief, but is absent from the Clerk's Record. However, in their "Request To Supplement Record For Appeal," filed on July 9, 2007, appellees specifically requested that Exhibit A be included in the record, and Thompson does not challenge the authenticity of the letter included in appellees' brief.

the release for the $15,000 lien was executed by Paul A. Kubosh, on behalf of Kubosh Bail Bonds, on January 23, 2007. And, on February 1, 2007, Thompson submitted to the Harris County Clerk the releases that had been executed by Koestens and Kubosh, along with the required filing fee.

The record further reveals that Kubosh executed a release for the $10,000 lien on June 15, 2007.[4] Furthermore, on July 25, 2007, appellees filed in the trial court a "Notice of Sale Of Real Property Subject Of Lawsuit," in which they notified the trial court that (1) the Property had been sold to a disinterested third party; and (2) the Property was free from liens at the time of sale. Therefore, because the trial court's sanctions order required Thompson to take all necessary actions to release any and all liens on the Property, and because the Property was sold to a disinterested third party—and was free from liens at the time of sale—the record indicates that Thompson has completed the actions specified in the trial court's order. His appeal is therefore moot. Accordingly, without

reference to the merits, we vacate that portion of the trial court's order requiring Thompson to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007," and we dismiss the motion for sanctions as to Thompson.[5]

### Conclusion

Because we find that Thompson has completed the actions specified in the trial court's order imposing sanctions under Rule 13, we conclude that his appeal is moot. Therefore, without reference to the merits, we vacate that portion of the trial court's order requiring Thompson to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007," and dismiss the motion for sanctions as it relates to Thompson.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

Appellant Jack W. Thompson, the attorney who represented plaintiff Niki Koes-

---

4. The release for the $10,000 lien that was actually executed by Kubosh was prepared by attorney Stephen Best. It is not apparent on the face of the record why Kubosh did not execute the release prepared by Thompson for this particular lien, and the parties make no attempt to otherwise explain this occurrence in their briefs.

5. Thompson contends that his appeal is not moot, because (1) the trial court's order on sanctions is still in effect; (2) there has not been a court determination as to the completion of its vague terms; (3) the potential danger posed to him by the order still exists; and (4) the trial court's order is serving as the underlying basis for a malpractice suit by appellees currently pending. To the extent that this can be construed as an attempt to invoke the collateral consequences exception to the mootness doctrine, we have two responses. *See Marshall*, 198 S.W.3d at 789. First, we have vacated that portion of the order requiring Thompson to remove the liens and have dismissed the motion for sanctions

as to Thompson. As a result, nothing remains in the trial court for the appellees or the court to rely on for further contempt proceedings against Thompson. Second, appellees—the parties who brought the motion for sanctions in the trial court—claim on appeal that the appeal is moot by pointing out that Thompson has complied with the order. They would be estopped from taking a contrary position below, or for all practical purposes would have problems taking a contrary position below. *See Moore v. Jet Stream Invs., Ltd.*, 261 S.W.3d 412, 429 (Tex.App.-Texarkana, 2008, no pet. h.) (citing *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex.2000)) (stating that the doctrine of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken, and explaining that "[t]he doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he or she acquiesced, or from which he or she accepted a benefit.").

tens in her suit in the trial court against appellees/defendants David Ricardo and Kara K. Peak, challenges the trial court's sanction ordering him to "take all actions necessary to release any and all liens on the Property on or before January 31, 2007."[1] Rather than address the merits, the majority concludes that this appeal is moot because Thompson has completed all the actions specified in the trial court's order. However, the evidence upon which the majority relies shows otherwise. In addition, this court's action on the merits of this appeal could affect the rights of the parties, and therefore, this case is not moot. Instead of dismissing this appeal based on mootness, this court instead should reach the merits and rule on the propriety of the sanction against Thompson.

### The appeal is not moot.

When Picardo and Peak moved for sanctions under Texas Rule of Civil Procedure 13, Koestens nonsuited her claims. After a hearing, the trial court signed an order sanctioning Koestens and Thompson. The only Rule 13 sanction imposed on Thompson was the trial court's order that Thompson "take all actions necessary to release any and all liens on the Property on or before January 31, 2007." The majority concludes that Thompson has completed all the actions specified in the trial court's order and, for this reason, his appeal is now moot.

To complete the actions specified in the sanctions order, Thompson had to take all actions necessary to release all liens on the real property in question on or before January 31, 2007. The evidence shows the following relevant facts regarding the trial court's sanctions order and Thompson's compliance with it:

- The trial court signed its sanctions order on December 14, 2006.
- On or before December 26, 2006, Thompson drafted two two-page documents to release the First Lien and the Second Lien, and he also prepared a letter to his client Koestens, dated December 26, 2006, asking her to take these releases to the lienholder to have them executed.
- Koestens picked up the letter and the lien releases on December 26, 2006.
- On January 23, 2007, the lienholder on the First Lien signed a release of that lien.
- On February 1, 2007, Thompson mailed the release of the First Lien to the Harris County Clerk for recording in the Real Property Records.
- On June 15, 2007, the lienholder on the Second Lien signed a release of that lien, and this release was recorded in the Harris County Real Property Records on June 18, 2007.

If the trial court's sanctions order required Thompson to take all actions necessary to have releases of the liens both executed and recorded on or before January 31, 2007, then Thompson did not complete all the actions specified therein because that task was not accomplished until many months after the trial court's deadline. Neither release of lien was recorded on or before the deadline, and no evidence suggests Thompson did all he could do or that was necessary to get the liens released within the time frame ordered by the trial court. For example, the trial court might conclude that Thompson could have drafted the releases in fewer than 12

---

1. There was a lien on this property in the original principal amount of $15,000 (hereinafter "First Lien") as well as a lien on the property in the original principal amount of $10,000 (hereinafter "Second Lien").

days, that he could have presented the releases to the lienholder rather than delegating that task to Koestens, and that he could have followed up with the lienholder and endeavored to meet the deadline. In any event, even if the order only required that the releases be executed (and not recorded) by the lienholder by January 31, 2007, the release for the Second Lien was not signed until June 15, 2007, four-and-a-half months after the deadline.

Presuming that this appeal would be moot if Thompson had completed all the actions specified in the trial court's order, there is no evidence that Thompson completed the required actions. The trial court still has the power to hold Thompson in contempt for violating this order by not completing the tasks within the time ordered by the court. *See Cool World and Can, Inc. v. State,* No. 01–01–00966–CV, 2002 WL 31319965, at *2 (Tex.App.-Houston [1st Dist.] Oct. 17, 2002, no pet.) (not designated for publication) (holding that appeal from injunction was not moot because, if the injunction was valid, then the appellants were subject to being held in contempt). For this reason alone, this appeal is not moot.

Furthermore, an appeal is generally not moot unless the appellate court's action on the merits cannot affect the rights of the parties. *VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993). In response to Ricardo and Peak's argument that this appeal is moot, Thompson has asserted that Ricardo and Peak have sued him in a separate action that is pending at the district court level and that the Rule 13 sanctions order that Thompson challenges in this appeal is serving as the underlying basis for Ricardo and Peak's claims against him in that case. Though Thompson has not provided this court with pleadings for the other suit, he has provided this court with the cause number, and Ricardo and Peak have not denied or taken issue with Thompson's description of that litigation. If this court were to conclude that the trial court abused its discretion by sanctioning Thompson and vacate the sanctions order on the merits, Ricardo and Peak would not be able to rely on this order in their suit against Thompson. Therefore, this court's action on the merits of this appeal can affect the rights of the parties, and for this additional reason, this case is not moot. *See VE Corp.,* 860 S.W.2d at 84; *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 332 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

The majority states that, because Ricardo and Peak assert in this court that Thompson has complied with the sanctions order, they will be estopped from seeking contempt in the trial court below or from relying on the order in other proceedings. However, this court cannot make a binding ruling on this estoppel issue in the instant appeal. In addition, the trial court is charged with seeing that its orders and judgments are obeyed, enforced, and executed. *See* Tex.R. Civ. P. 308. Even if Ricardo and Peak were estopped from arguing that Thompson should be held in contempt, the trial court has the authority to issue a show cause order on its own motion and determine whether Thompson should be held in contempt, even without any action by Ricardo and Peak. *See Dallas County v. Mays,* 747 S.W.2d 842, 844–45 (Tex.App.-Dallas 1988), *rev'd in part on other grounds by, Mays v. Fifth Court of Appeals,* 755 S.W.2d 78 (Tex.1988). Thus, the application of estoppel principles does not render Thompson's appeal of the sanctions order moot.

For these reasons, this court should not dismiss this appeal. Instead, the court should address the merits of the Rule 13

sanctions issues. Because it does not, I respectfully dissent.