**Opinion issued July 30, 3015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00723-CV

———————————

### THE STATE OF TEXAS, Appellant

### V.

### KNA PARTNERS, A TEXAS JOINT VENUTRE, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1011330**

---

## MEMORANDUM OPINION

In this condemnation proceeding, appellant, the State of Texas ("the State"),

challenges the trial court's judgment in favor of the appellee property owner, KNA

Partners, a Texas Joint Venture ("KNA"). In its sole issue on appeal, the State

argues that the trial court erred in granting KNA more relief than it was entitled to

under the law and the pleadings and asks that we modify the judgment by deleting language making the transfer of title to the condemned property from KNA to the State contingent on the State's construction of nine driveways that provide access to KNA's remaining property. KNA argues that this appeal is now moot because the driveways in question have already been constructed.

We dismiss the appeal as moot.

## Background

KNA owned a tract of property located at the intersection of IH 610 and Old Katy Road in Houston, Texas. The property had a large warehouse and a storage building situated on it, and the site had nine driveways providing access to the IH 610 frontage road and one driveway to Old Katy Road. The State sought to acquire approximately two-tenths of an acre of KNA's property for the widening of U.S. Highway 290 at the intersection of U.S. 290, IH 610, and Old Katy Road. The property sought by the State in the condemnation proceeding was a strip of land, thirteen-and-a-half feet wide, that was located along the entire length of the property and included the portion of land that contained the nine driveways providing access from KNA's property to IH 610.

The only issue pending at trial was the amount of just compensation due to KNA as a result of the condemnation of this portion of its property. The State presented evidence that its highway project included the construction of nine

access driveways connecting KNA's remaining property to the highway. Both sides presented evidence regarding the value of KNA's property before and after the taking, assuming that the State would provide the planned-for access drives. The jury found in favor of KNA.

In its final judgment, the trial court found that the State asserted in its condemnation petition that it would provide access to the highway from KNA's remaining property and that it "specifically represented to [KNA] before trial and to the Court and jury at trial that all nine driveway locations at [KNA's] whole property that existed before the State's condemnation will be reestablished to provide the same driveway access to [KNA's] remainder property after the taking." The trial court's judgment also awarded KNA $4,139,181.33 in damages, representing the difference between the "market value of its whole property before the taking and the market value of its remaining property after the taking," as found by the jury.

Finally, the judgment provided that "[t]he State should have and recover from [KNA] fee simple title in and to the property" and that "[t]he State's title to this property is subject to the State's agreement to restore the nine driveway locations along the new frontage road abutting [KNA's] remainder property that the State represented to [KNA] before trial and to the Court and jury at trial that it would do" and was subject to its payment of the full amount of the judgment. The

trial court ordered that it "does hereby vest fee simple title in the property . . . in the State upon satisfaction of this Judgment, including the State's restoration of the nine access drives to [KNA's] remainder property. . . ."

## Mootness of the State's Complaint

The State argues in its sole issue on appeal that the trial court erred in requiring the conditioning of the transfer of title on its restoration of the driveways to KNA's property in the final judgment. KNA argues that the State's appeal is moot because the driveways have been restored. The State does not contest that the driveways are complete, but it argues that its appeal is not moot as "there is an existing controversy."

The mootness doctrine implicates subject-matter jurisdiction. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). Challenges to subject-matter jurisdiction can be raised for the first time on appeal. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445.

A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown &*

4

*Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). An issue becomes moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied); *Thompson v. Ricardo*, 269 S.W.3d 100, 103–04 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[I]f a judgment cannot have a practical effect on an existing controversy, the case is moot," and any opinion issued on merits would constitute impermissible advisory opinion); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (noting court may only decide issues presenting "a 'live' controversy at the time of the decision").

Here, the State's only complaint on appeal is that the trial court erred in ordering in its final judgment that the State must restore the nine driveways providing KNA's remaining property with access to IH 610. The State argues that the trial court granted KNA more relief than it requested in improperly conditioning the transfer of title on completion of the driveways. It further argues that the trial court's judgment is erroneous because the State "has the right to change its construction plans, even long after the condemnation process is completed," and "[t]hat right is destroyed if a property owner may make passage of title subject to a particular construction plan."

KNA asserted in its brief on appeal that the driveways had been constructed, and the State does not challenge this assertion. Thus, the State's arguments that it must be allowed to change its construction plans are not implicated here. Were this Court to accept the State's argument and modify the judgment deleting the trial court's requirement that the State build the nine driveways in question, there would be no practical legal effect. The driveways have already been completed, and the only relief that we could grant the State is a declaration that it did not have to build the driveways that it has already built. *See Meeker*, 317 S.W.3d at 759 ("An issue becomes moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy."); *Thompson*, 269 S.W.3d at 103.

The State argues that, regardless of whether the driveways have already been restored, the relief it requests on appeal "will have a legal effect because without such relief the State will not be able to obtain title insurance for the property acquired without proving to the satisfaction of a title company that the access drives have been restored." It asserts that it has a "concrete interest in obtaining such relief." However, "[t]o constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Any difficulty in obtaining title insurance is merely theoretical

6

and does not indicate that there is an existing controversy regarding the trial court's judgment requiring the State to build the already-completed driveways.  *See id.*

We conclude that the State's sole issue on appeal is moot.

## Conclusion

We dismiss the appeal as moot.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.