**Affirmed and Majority and Concurring and Dissenting Opinions filed May 9, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00814-CV

---

### NATOSHA ABRAHAM, Appellant

### V.

### VICTORY APARTMENTS, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1091349**

---

## CONCURRING AND DISSENTING OPINION

The majority concludes that the issue of right to possession of the real property in question is not moot, and, in the alternative, that appellant's first issue lacks merit. I conclude that both of these issues are moot and that this court should not reach the merits of either issue.

**Any issue as to the right to possession of the real property is moot.**

In its judgment, subject to a condition that did not occur, the county court at

law awarded possession of the real property at issue to appellee Victory Apartments based on its forcible-detainer action, and the county court awarded Victory Apartments judgment against appellant Natosha Abraham for $3,430 on its claim for unpaid rent. On appeal, Abraham challenges the amount of unpaid rent awarded, but she does not challenge the county court's award of possession of the premises.

The only issue in a forcible-detainer action is the right to actual possession of the premises.[1] If a supersedeas bond in the amount set by the county court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question.[2] In today's case, the record shows that Victory Apartments got possession of the property at issue under a writ of possession. Failure to supersede the judgment does not divest Abraham of her right to appeal.[3] But, because Abraham is no longer in possession of the premises, her appeal of the judgment as to the forcible-detainer action is moot unless Abraham asserts on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]."[4]

On appeal, Abraham asserts that the county court allegedly erred in calculating the amount of rent that Abraham owes. Yet, the amount owed under the rent claim is an issue independent of the possession issue under the forcible-detainer action.[5] Abraham does not assert that under the correct calculation of the

---

[1] *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Wilhelm v. Federal Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

[2] *See Marshall*, 198 S.W.3d at 785; *Wilhelm*, 349 S.W.3d at 768.

[3] *See Marshall*, 198 S.W.3d at 785; *Wilhelm*, 349 S.W.3d at 768.

[4] *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

[5] *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.).

rent she owed, Abraham did not breach the lease.  Nor does Abraham assert that the county court erred in awarding Victory Apartments possession of the real property at issue.  Contrary to the majority's characterization of Abraham's argument, Abraham does not assert that Victory Apartments improperly terminated her lease for failure to pay rent.  Because Abraham has not asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]," any issue as to possession of the real property at issue is moot.[6]

The majority concludes that the possession issue is not moot because Abraham's lease contains an automatic-renewal provision.  The majority relies on two precedents from this court.[7]  These cases are not on point because in each case, the appellant relied on the automatic-renewal provision in the appellant's appellate argument, and the appellant asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]."[8]  In today's case, Abraham does not mention the automatic-renewal provision in her briefing, and she does not assert "a potentially meritorious claim of right to current, actual possession of the [premises]."[9]  Thus, the cases on which the majority relies provide no basis for appellate relief.[10]  The possession issue is moot.

**Abraham has not shown that the county court erred in rendering judgment based on the Agreed Settlement Order.**

A forcible-detainer plaintiff may join a claim for unpaid rent to a forcible-

---

[6] *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

[7] *See Geters v. Baytown Housing Auth.*, 430 S.W.3d 578, 581–83 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

[8] *See Geters*, 430 S.W.3d at 581–83; *Kennedy*, 203 S.W.3d at 497.

[9] *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

[10] *See Geters*, 430 S.W.3d at 581–83; *Kennedy*, 203 S.W.3d at 497.

detainer action seeking possession of the premises.[11]   The mootness of the possession issue in the forcible-detainer actions does not moot an actual controversy as to the county court's rendition of judgment on the unpaid-rent claim.[12]  In today's case, though the possession issue is moot, an actual controversy remains between the parties as to the county court's judgment in Victory Apartments's favor on its unpaid-rent claim.

In her first issue, the only issue Abraham has sufficiently briefed,[13] she challenges the county court's calculation that she owed $1,326 through April 2017.  Even if this calculation were incorrect, after the county court calculated this amount, Abraham agreed that she owed $1,326.  In the Agreed Settlement Order, the county court recited that the parties agreed on the record to this amount and ordered Abraham to pay this amount over six months.  On appeal, Abraham has not challenged the validity of the settlement order.  Under this order, Abraham was required to make six monthly payments of $221 as well as monthly rent in the amount of $688.  Because she failed to make the six payments and timely pay her regular rent, under the Agreed Settlement Order, Victory Apartments was entitled to possession of the premises and a judgment as to all unpaid rent.  In its judgment, the county court awarded Victory Apartments judgment for $3,430 in unpaid rent through September 2017.

Abraham agreed that she owed $1,326 through April 2017, and she has not shown on appeal that the county court erred in finding that $3,430 was the amount of unpaid rent through September 2017, in light of (1) the agreed amount of $1,326 through April 2017; (2) $3,440 in regular rent that accrued from May through

---

[11] *Cavazos*, 2010 WL 2772450, at *2.

[12] *See id*; *Espinoza v. Lopez*, 468 S.W.3d 692, 698 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

[13] The court correctly finds briefing waiver as to Abraham's only other appellate issue.

4

September, and (3) the amounts Abraham paid after the Settlement Order and before judgment. In its final judgment, the county court did not rule that Abraham owed $1,326 through April 2017; instead, the county court simply gave effect to the terms of the settlement order and rendered judgment because Abraham had not complied with the order. On appeal, Abraham has not shown that the county court erred in doing so. Thus, it is proper for this court to affirm the county court's judgment as to the unpaid-rent claim.

### Any issue as to the proper calculation of earned income disallowance benefits is moot.

Though the majority concludes that Abraham waived her challenge as to the proper calculation of earned income disallowance benefits ("EID Benefits"), the majority proceeds nonetheless to address the merits of this challenge. Appellate courts are not to decide moot controversies,[14] a rule rooted in constitutional prohibitions against rendering advisory opinions.[15] A case becomes moot if there ceases to be an actual controversy between the parties at any stage of the litigation.[16] If a judgment can have no practical effect on an existing controversy, the case becomes moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion.[17]

Even if the county court erred in calculating the EID Benefits to which Abraham was entitled, after the county court made this calculation, Abraham agreed to the amount of rent she owed, and the county court issued the Agreed

---

[14] *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

[15] *See id*; *see also Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions.").

[16] *Jones*, 1 S.W.3d at 86; *see Robinson v. Alief I.S.D.*, 298 S.W.3d 321, 324 (Tex. App.— Houston [14th Dist.] 2009, pet. denied).

[17] *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Settlement Order based on this agreement. As noted, the county court did not base its judgment on any calculation as to the amount of rent Abraham owed or the amount of Abraham's EID Benefits. Presuming, without deciding, that the county court erred in calculating that, based on her EID Benefits, Abraham owed $1,326 through April 2017, any such error was not the basis of the county court's final judgment. Thus, even if there were an existing controversy as to the amount of Abraham's EID Benefits, no judgment from this court could have a practical effect on this controversy in light of Abraham's agreement as to the amount of her unpaid rent.[18] The issue Abraham raises in her first issue is moot.[19] This court lacks jurisdiction to address this issue, and the court's discussion of the merits of this issue is not necessary to the adjudication of this appeal.[20]

## Conclusion

Because Abraham no longer has possession of the property at issue and because she has not asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]," this court must deem any issue as to possession of the real property moot. Abraham agreed that she owed $1,326 in unpaid rent through April 2017, and she has not shown that the county court erred in rendering judgment based on the terms of the Agreed Settlement Order. Any issue as to the county court's calculation of Abraham's EID Benefits is moot because no judgment from this court can have a practical effect on this issue in light of Abraham's agreement as to the amount of her unpaid rent. This court's discussion of the merits of the first issue is an impermissible advisory opinion. To the extent the majority finds the possession issue not to be moot and addresses the

---

[18] *See Thompson*, 269 S.W.3d at 103.

[19] *See In re Newsome*, No. 14-13-00451-CV, 2013 WL 2457116, at *2 (Tex. App.—Houston [14th Dist.] Jun. 6, 2013, orig. proceeding) (mem. op.); *Thompson*, 269 S.W.3d at 103.

[20] *See In re Newsome*, 2013 WL 2457116, at *2; *Thompson*, 269 S.W.3d at 103.

merits of the first issue, I respectfully dissent.  To the extent the court affirms the county court's judgment as to unpaid rent, I respectfully concur in the judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Hassan, J., majority).