Meagan Hassan, Justice
In two issues, appellant Natosha Abraham challenges the trial court's final judgment in appellee Victory Apartments' forcible detainer action. For the reasons below, we affirm.
BACKGROUND
Abraham leased an apartment at the Houston Housing Authority's Victory Apartments development. Victory Apartments is a federally-subsidized housing development and the amount of Abraham's rent was derived from an income-based formula. Victory Apartments terminated Abraham's lease in February 2017 on the basis of nonpayment of rent.
Abraham failed to vacate the apartment and Victory Apartments filed a forcible detainer action. The justice court signed a judgment for Victory Apartments and Abraham appealed the judgment to the county court. The parties proceeded to a de novo trial. See Tex. R. Civ. P. 510.10(c).
The county court admitted the following exhibits at the parties' bench trial: (1) a residential lease agreement between the Houston Housing Authority and Abraham; (2) a "Notice of Termination of Dwelling Lease for Nonpayment of Rent" addressed to Abraham; (3) a "Final Notice to Vacate" addressed to Abraham; and (4) a spreadsheet showing Abraham's employment, income, rent, and payment for each month from January 2012-April 2017. Victory Apartments argued that Abraham failed to *661 make the payments required by the residential lease, necessitating its termination.
Abraham represented herself at trial and asserted that Victory Apartments erred in its application of the earned income disallowance benefit ("EID") to her account. See 24 C.F.R. § 960.255 (West 2018). Extended to residents of federally-subsidized housing, the EID benefit allows tenants who have been out of work to accept a job without having their rent increased in proportion to their income. See itation index="1" url="https://cite.case.law/citations/?q=24%20C.F.R.%20%C2%A7%20960.255">id.
After arguments and the presentation of evidence, the trial court walked the parties through each monthly entry on the spreadsheet showing Abraham's payment and employment history. On the record, the trial court retroactively applied the EID benefit, went through the necessary calculations, and concluded that Abraham owed $ 1,326 in unpaid rent. Abraham acknowledged that she owed this amount. The trial court instructed Abraham, "I want to make sure you fully understand and agree," to which Abraham responded:
I understand. I understand. The only thing I have an issue with is that instead of them - this all could have been avoided when I brought this issue in July and told y'all what was going on. No one addressed it.
* * *
That's what makes me upset, that I had to go this far just for a mistake to be corrected and no one took accountability.
The trial court asked Abraham to provide a timetable for repayment of the $ 1,326. Abraham stated that the repayment would require "[a] couple of months, maybe less."
The trial court signed an agreed settlement order that states, in relevant part, as follows.
1. [Abraham] shall pay late rent to [Victory Apartments] in the sum of $ 1,326 by making six monthly payments of $ 221, with payments beginning in May 2017, and continuing for six consecutive months thereafter.
2. [Abraham's] payment of late rent, as set forth in paragraph 1 above, shall be in addition to her payment of her monthly rent amount, which monthly rent amount is currently $ 688 per month. [Abraham] remains responsible for timely paying her monthly rent.
* * *
5. If [Abraham] fails to comply with the terms set forth herein ... then [Victory Apartments] shall be entitled to judgment awarding it sole possession of the premises ... and awarding to it any unpaid rent that is due and owing.
Victory Apartments filed a motion for entry of judgment several months later, asserting that Abraham had failed to comply with the terms of the agreed settlement order.
The trial court held a hearing on the motion; Abraham and Victory Apartments' property manager testified regarding Abraham's payment history and compliance with the agreed settlement order. The trial court again undertook the relevant calculations and determined that Abraham owed Victory Apartments $ 3,430 in unpaid rent. The trial court asked Abraham when she could pay the amount owed; Abraham stated that she could provide the payment in two days.
The trial court signed a final judgment on October 4, 2017, stating that Victory Apartments would nonsuit its claim if Abraham paid $ 3,430 by October 6, 2017. If Abraham failed to pay this amount, the final judgment states that Victory Apartments *662 is entitled to possession of Abraham's apartment and a $ 3,430 judgment for unpaid rent.
Abraham did not comply with the terms of the final judgment. The Harris County Clerk issued a writ of possession for the apartment Abraham was leasing and a constable executed the writ on October 24, 2017. The returned writ of possession was filed in the trial court.
ANALYSIS
Abraham proceeds pro se on appeal. In two issues, Abraham challenges (1) the trial court's application of the EID benefit; and (2) the agreed settlement order's repayment schedule. We examine these arguments below.
As a preliminary matter, we address our jurisdiction with respect to Abraham's appeal. See Freedom Commc'ns, Inc. v. Coronado , 372 S.W.3d 621, 624 (Tex. 2012) ("we must consider our jurisdiction, even if that consideration is sua sponte ").
The only issue in a forcible detainer action is the right to possession of the premises. Marshall v. Hous. Auth. of City of San Antonio , 198 S.W.3d 782, 787 (Tex. 2006). If a defendant in a forcible detainer action is no longer in possession of the premises at issue, an appeal from the forcible detainer judgment is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." Id. A defendant is no longer in possession of the premises at issue after a writ of possession is executed. See Briones v. Brazos Bend Villa Apartments , 438 S.W.3d 808, 811 (Tex. App.-Houston [14th Dist.] 2014, no pet.).
We previously have held that an appellant presents an arguable basis for current, actual possession where the appellant's lease contained an automatic-renewal provision and the appellant challenged the bases for the lease's underlying termination. See Geters v. Baytown Hous. Auth. , 430 S.W.3d 578, 581-83 (Tex. App.-Houston [14th Dist.] 2014, no pet.), and Kennedy v. Andover Place Apartments , 203 S.W.3d 495, 497 (Tex. App.-Houston [14th Dist.] 2006, no pet.).
Here, even though the record contains a returned writ of execution for the premises at issue, we conclude Abraham's appeal is not moot. Abraham's lease with Victory Apartments contained an automatic renewal clause and states that, unless it was terminated, the lease "shall be automatically renewed for the successive terms of one year." Like the defendants in Geters and Kennedy , Abraham challenges the reason underlying the lease's termination - the alleged nonpayment of rent - and asserts Victory Apartments erred in its application of the EID benefit. See Geters , 430 S.W.3d at 581-83 ; Kennedy , 203 S.W.3d at 497 ; see also Briones , 438 S.W.3d at 813 (where the appellant "present[s] a contention that the lease was not properly terminated in the first place," the appellant "assert[s] a right to current possession of the premises"). Abraham therefore presents an arguable basis for asserting a right to possession.
I. Abraham's EID Challenge is Waived and Not Supported by the Applicable Regulation.
As part of its calculations during the bench trial, the trial court retroactively applied the EID benefit to Abraham's monthly payment history beginning in October 2012. Challenging the trial court's application of the regulation, Abraham argues that "the EID clock shouldn't start before [Abraham's] last reexamination in February 2016."
*663 A. Waiver
As a preliminary matter, Victory Apartments asserts Abraham waived her challenge to the trial court's EID benefit calculation.
After Abraham failed to comply with the agreed settlement order's terms regarding the $ 1,326 repayment, Victory Apartments filed a motion for entry of judgment. The trial court held a hearing on the motion, at which Abraham acknowledged she failed to comply with the agreed settlement order's repayment provisions. The trial court determined Abraham owed Victory Apartments $ 3,430 and asked Abraham if she could make the payment; Abraham responded, "Yes, sir, I can." The trial court signed a final judgment stating that Victory Apartments would nonsuit its claim if Abraham paid $ 3,430 by October 6, 2017. If Abraham failed to pay the $ 3,430, the final judgment states that Victory Apartments is entitled to possession of Abraham's apartment and a $ 3,430 judgment.
A party generally cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. Chang v. Linh Nguyen , 81 S.W.3d 314, 316 n.1 (Tex. App.-Houston [14th Dist.] 2001, no pet.). To have a valid consent judgment, each party must explicitly and unmistakably give its consent. Id. This consent waives any non-jurisdictional errors that may have been committed by the trial court prior to the entry of the consent judgment. Khan v. Asset Acceptance, LLC , No. 14-13-00275-CV, 2014 WL 1410222, at *2 (Tex. App.-Houston [14th Dist.] Apr. 10, 2014, no pet.) (mem. op.).
At the hearing on Victory Apartments' motion for entry of judgment, Abraham (1) acknowledged she did not comply with the agreed settlement order's repayment provisions, and (2) agreed she could make the $ 3,430 payment required by the trial court's final judgment. Abraham does not assert that her consent to the final judgment was obtained through fraud, collusion, or misrepresentation - Abraham challenges only the trial court's interpretation and application of federal law. Abraham's consent to the trial court's final judgment waives these issues for appeal. See Chang , 81 S.W.3d at 316 n.1 ; see also Khan , 2014 WL 1410222, at *2.
B. 24 C.F.R. § 960.255(b)
Setting aside the issue of waiver, the trial court's application of the EID benefit is not erroneous as a matter of law.
We review a trial court's conclusions of law de novo and uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. BMC Software Belg., N.V. v. Marchand , 83 S.W.3d 789, 794 (Tex. 2002) ; Penn Ins. & Annuity Co. v. Kuriger , 495 S.W.3d 540, 545-46 (Tex. App.-Houston [14th Dist.] 2016, no pet.). Conclusions of law will not be reversed unless they are erroneous as a matter of law. Charette v. Fitzgerald , 213 S.W.3d 505, 511 (Tex. App.-Houston [14th Dist.] 2006, no pet.).
The EID benefit allows eligible tenants in federally-subsidized housing to increase their incomes through employment without triggering a corresponding increase in rent. See 24 C.F.R. § 960.255(b). Tenants who live in public housing are eligible for the EID benefit if they have been unemployed for the 12 months prior to employment. Id. at (a). EID has a lifetime benefit limit of 24 months and, for the first 12 months of employment, 100% of any increase in earned income will be disregarded for purposes of calculating rent. Id. at (b)(1). For the second 12-month period, the EID benefit disregards 50% of any earned income increase. Id. at (b)(2). The EID
*664 benefit begins "on the date on which a member of a qualified family is first employed or the family first experiences an increase in annual income attributable to employment." Id. at (b)(1).
Here, the spreadsheet admitted into evidence shows that Abraham was employed and received income during the following periods: October 2012-January 2013; May-October 2013; and August 2015-September 2016. Abraham acknowledged that she was employed for these periods of time.
The spreadsheet also shows that Victory Apartments applied Abraham's EID benefit during these periods for a total of 24 months. Likewise, in its on-the-record calculations, the trial court applied Abraham's EID benefit for a 24-month period beginning in October 2012. Challenging the trial court's application of the EID regulation, Abraham asserts that the benefit does not automatically commence when a tenant's income increases - rather, the EID benefit takes effect only when a tenant's rent is calculated at an "interim or annual reexamination." Arguing that her rent was last reexamined in February 2016, Abraham contends that she was "not eligible for EID from 2012-2016."
Abraham's interpretation of the EID benefit is not supported by the applicable regulation. Section 960.255(b)(1) states that the EID benefit begins "on the date on which a member of a qualified family is first employed or the family first experiences an increase in annual income attributable to employment." Id. at (b)(1). The regulation does not make the EID benefit's start-date dependent on the completion of an "interim or annual reexamination" of rent. See index="26" url="https://cite.case.law/citations/?q=24%20C.F.R.%20%C2%A7%20960.255">id. at (a), (b). Additionally, this Court could find no case supporting Abraham's interpretation from this jurisdiction or elsewhere. The trial court's conclusion regarding the EID benefit's start-date is not erroneous as a matter of law. See Charette , 213 S.W.3d at 511.
We overrule Abraham's first issue.
II. The Record Does Not Support Abraham's Challenge to the Repayment Schedule.
Abraham asserts that the repayment schedule incorporated into the trial court's agreed settlement order "was unlawful due to the repayment amount exceeding the allowable standard set forth by HUD." Abraham argues that the repayment amount impermissibly exceeds 40% of her income.
The record does not contain any evidence supporting Abraham's argument. The trial court's agreed settlement order's repayment schedule begins in May 2017; there is no evidence in the record showing Abraham's income at this time or at a later date. Abraham's argument is inadequately briefed and we therefore do not consider it. See Tex. R. App. P. 38.1(i) (appellate argument must be supported by "appropriate citations to authorities and to the record"); see, e.g., Bruce v. Cauthen , 515 S.W.3d 495, 512 (Tex. App.-Houston [14th Dist.] 2017, pet. denied).
We overrule Abraham's second issue.
CONCLUSION
We affirm the trial court's October 4, 2017 final judgment.
( Frost, C.J., concurring and dissenting).
CONCURRING AND DISSENTING OPINION
Kem Thompson Frost, Chief Justice
The majority concludes that the issue of right to possession of the real property in question is not moot, and, in the alternative, that appellant's first issue lacks merit. I conclude that both of these issues are *665 moot and that this court should not reach the merits of either issue.
Any issue as to the right to possession of the real property is moot.
In its judgment, subject to a condition that did not occur, the county court at law awarded possession of the real property at issue to appellee Victory Apartments based on its forcible-detainer action, and the county court awarded Victory Apartments judgment against appellant Natosha Abraham for $ 3,430 on its claim for unpaid rent. On appeal, Abraham challenges the amount of unpaid rent awarded, but she does not challenge the county court's award of possession of the premises.
The only issue in a forcible-detainer action is the right to actual possession of the premises.[1] If a supersedeas bond in the amount set by the county court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question.[2] In today's case, the record shows that Victory Apartments got possession of the property at issue under a writ of possession. Failure to supersede the judgment does not divest Abraham of her right to appeal.[3] But, because Abraham is no longer in possession of the premises, her appeal of the judgment as to the forcible-detainer action is moot unless Abraham asserts on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]."[4]
On appeal, Abraham asserts that the county court allegedly erred in calculating the amount of rent that Abraham owes. Yet, the amount owed under the rent claim is an issue independent of the possession issue under the forcible-detainer action.[5] Abraham does not assert that under the correct calculation of the rent she owed, Abraham did not breach the lease. Nor does Abraham assert that the county court erred in awarding Victory Apartments possession of the real property at issue. Contrary to the majority's characterization of Abraham's argument, Abraham does not assert that Victory Apartments improperly terminated her lease for failure to pay rent. Because Abraham has not asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]," any issue as to possession of the real property at issue is moot.[6]
The majority concludes that the possession issue is not moot because Abraham's lease contains an automatic-renewal provision. The majority relies on two precedents from this court.[7] These cases are not on point because in each case, the appellant relied on the automatic-renewal provision in the appellant's appellate argument, and the appellant asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]." [8]
*666 In today's case, Abraham does not mention the automatic-renewal provision in her briefing, and she does not assert "a potentially meritorious claim of right to current, actual possession of the [premises]."[9] Thus, the cases on which the majority relies provide no basis for appellate relief.[10] The possession issue is moot.
Abraham has not shown that the county court erred in rendering judgment based on the Agreed Settlement Order.
A forcible-detainer plaintiff may join a claim for unpaid rent to a forcible-detainer action seeking possession of the premises.[11] The mootness of the possession issue in the forcible-detainer actions does not moot an actual controversy as to the county court's rendition of judgment on the unpaid-rent claim.[12] In today's case, though the possession issue is moot, an actual controversy remains between the parties as to the county court's judgment in Victory Apartments's favor on its unpaid-rent claim.
In her first issue, the only issue Abraham has sufficiently briefed,[13] she challenges the county court's calculation that she owed $ 1,326 through April 2017. Even if this calculation were incorrect, after the county court calculated this amount, Abraham agreed that she owed $ 1,326. In the Agreed Settlement Order, the county court recited that the parties agreed on the record to this amount and ordered Abraham to pay this amount over six months. On appeal, Abraham has not challenged the validity of the settlement order. Under this order, Abraham was required to make six monthly payments of $ 221 as well as monthly rent in the amount of $ 688. Because she failed to make the six payments and timely pay her regular rent, under the Agreed Settlement Order, Victory Apartments was entitled to possession of the premises and a judgment as to all unpaid rent. In its judgment, the county court awarded Victory Apartments judgment for $ 3,430 in unpaid rent through September 2017.
Abraham agreed that she owed $ 1,326 through April 2017, and she has not shown on appeal that the county court erred in finding that $ 3,430 was the amount of unpaid rent through September 2017, in light of (1) the agreed amount of $ 1,326 through April 2017; (2) $ 3,440 in regular rent that accrued from May through September, and (3) the amounts Abraham paid after the Settlement Order and before judgment. In its final judgment, the county court did not rule that Abraham owed $ 1,326 through April 2017; instead, the county court simply gave effect to the terms of the settlement order and rendered judgment because Abraham had not complied with the order. On appeal, Abraham has not shown that the county court erred in doing so. Thus, it is proper for this court to affirm the county court's judgment as to the unpaid-rent claim.
Any issue as to the proper calculation of earned income disallowance benefits is moot.
Though the majority concludes that Abraham waived her challenge as to the *667 proper calculation of earned income disallowance benefits ("EID Benefits"), the majority proceeds nonetheless to address the merits of this challenge. Appellate courts are not to decide moot controversies,[14] a rule rooted in constitutional prohibitions against rendering advisory opinions.[15] A case becomes moot if there ceases to be an actual controversy between the parties at any stage of the litigation.[16] If a judgment can have no practical effect on an existing controversy, the case becomes moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion.[17]
Even if the county court erred in calculating the EID Benefits to which Abraham was entitled, after the county court made this calculation, Abraham agreed to the amount of rent she owed, and the county court issued the Agreed Settlement Order based on this agreement. As noted, the county court did not base its judgment on any calculation as to the amount of rent Abraham owed or the amount of Abraham's EID Benefits. Presuming, without deciding, that the county court erred in calculating that, based on her EID Benefits, Abraham owed $ 1,326 through April 2017, any such error was not the basis of the county court's final judgment. Thus, even if there were an existing controversy as to the amount of Abraham's EID Benefits, no judgment from this court could have a practical effect on this controversy in light of Abraham's agreement as to the amount of her unpaid rent.[18] The issue Abraham raises in her first issue is moot.[19] This court lacks jurisdiction to address this issue, and the court's discussion of the merits of this issue is not necessary to the adjudication of this appeal.[20]
Conclusion
Because Abraham no longer has possession of the property at issue and because she has not asserted on appeal "a potentially meritorious claim of right to current, actual possession of the [premises]," this court must deem any issue as to possession of the real property moot. Abraham agreed that she owed $ 1,326 in unpaid rent through April 2017, and she has not shown that the county court erred in rendering judgment based on the terms of the Agreed Settlement Order. Any issue as to the county court's calculation of Abraham's EID Benefits is moot because no judgment from this court can have a practical effect on this issue in light of Abraham's agreement as to the amount of her unpaid rent. This court's discussion of the merits of the first issue is an impermissible advisory opinion. To the extent the majority finds the possession issue not to be moot and addresses the merits of the first issue, I respectfully dissent. To the extent the court affirms the county court's judgment *668 as to unpaid rent, I respectfully concur in the judgment.

Marshall v. Housing Auth. of City of San Antonio , 198 S.W.3d 782, 785 (Tex. 2006) ; Wilhelm v. Federal Nat. Mortg. Ass'n , 349 S.W.3d 766, 768 (Tex. App.-Houston [14th Dist.] 2011, no pet.).

See Marshall , 198 S.W.3d at 785 ; Wilhelm , 349 S.W.3d at 768.

See Marshall , 198 S.W.3d at 785 ; Wilhelm , 349 S.W.3d at 768.

See Marshall , 198 S.W.3d at 787 ; Wilhelm , 349 S.W.3d at 768.

See Cavazos v. San Antonio Hous. Auth. , No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.-San Antonio July 14, 2010, no pet.) (mem. op.).

See Marshall , 198 S.W.3d at 787 ; Wilhelm , 349 S.W.3d at 768.

See Geters v. Baytown Housing Auth. , 430 S.W.3d 578, 581-83 (Tex. App.-Houston [14th Dist.] 2014, no pet.) ; Kennedy v. Andover Place Apartments , 203 S.W.3d 495, 497 (Tex. App.-Houston [14th Dist.] 2006, no pet.).

See Geters , 430 S.W.3d at 581-83 ; Kennedy , 203 S.W.3d at 497.

See Marshall , 198 S.W.3d at 787 ; Wilhelm , 349 S.W.3d at 768.

See Geters , 430 S.W.3d at 581-83 ; Kennedy , 203 S.W.3d at 497.

Cavazos , 2010 WL 2772450, at *2.

See ids="11498631" index="49" url="https://cite.case.law/sw3d/1/83/#p86">id. ; Espinoza v. Lopez , 468 S.W.3d 692, 698 (Tex. App.-Houston [14th Dist.] 2015, no pet.).

The court correctly finds briefing waiver as to Abraham's only other appellate issue.

Nat'l Collegiate Athletic Ass'n v. Jones , 1 S.W.3d 83, 86 (Tex. 1999).

See ids="11498631" index="52" url="https://cite.case.law/sw3d/1/83/#p86">id. ; see also Valley Baptist Med. Ctr. v. Gonzalez , 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions.").

Jones , 1 S.W.3d at 86 ; see Robinson v. Alief I.S.D. , 298 S.W.3d 321, 324 (Tex. App.-Houston [14th Dist.] 2009, pet. denied).

Thompson v. Ricardo , 269 S.W.3d 100, 103 (Tex. App.-Houston [14th Dist.] 2008, no pet.).

See Thompson , 269 S.W.3d at 103.

See In re Newsome , No. 14-13-00451-CV, 2013 WL 2457116, at *2 (Tex. App.-Houston [14th Dist.] Jun. 6, 2013, orig. proceeding) (mem. op.); Thompson , 269 S.W.3d at 103.

See In re Newsome , 2013 WL 2457116, at *2 ; Thompson , 269 S.W.3d at 103.