**Dismissed as Moot and Memorandum Opinion filed April 21, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00011-CV

---

**HANSON AGGREGATES, LLC; RGI MATERIALS, INC.; TEXAS CONCRETE SAND & GRAVEL, INC.; LGI LAND, LLC; LGI LAND I, LLC; LGI GP, LLC; LGI LAND, LTD.; LGI HOLDINGS, LLC; WILLIAMS BROTHERS CONSTRUCTION CO., INC.; LATTIMORE MATERIALS CORPORATION; LIBERTY MATERIALS, INC.; SAN JACINTO RIVER MATERIALS, INC.; TRIPLE P.G. SAND DEVELOPMENT, LLC; CAMPBELL CONCRETE & MATERIALS, LLC; GULF COAST STABILIZED MATERIALS, LLC; ALLEYTON RESOURCE COMPANY, LLC; AND GREAT SOUTHERN STABILIZED, LLC, Appellants
V.**

**JOHN KOWIS, CAROL KOWIS, GARY MAPLE, RHONDA MAPLE, JOHN MCCLELLAN, PATRICIA MCCLELLAN, KIRK PURDY, STANLEY METELSKI, AND EDWARD METELSKI, Appellees**

---

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2018-66557

---

# MEMORANDUM OPINION

Appellants Hanson Aggregates, LLC; RGI Materials, Inc.; Texas Concrete Sand and Gravel, Inc.; LGI Land, LLC; LGI Land I, LLC; LGI GP, LLC; LGI Land, Ltd.; LGI Holdings, LLC; Williams Brothers Construction Co., Inc.; Lattimore Materials Corporation; Liberty Materials, Inc.; San Jacinto River Materials, Inc.; Triple P.G. Sand Development, LLC; Campbell Concrete & Materials, LLC; Gulf Coast Stabilized Materials, LLC; Alleyton Resource Company, LLC; and Great Southern Stabilized, LLC (collectively the "Hanson Parties") objected to venue in Harris County and moved the trial court to transfer venue as to the claims filed against them by plaintiffs John Kowis, Carol Kowis, Gary Maple, Rhonda Maple, John McClellan, Patricia McClellan, Kirk Purdy, Stanley Metelski, and Edward Metelski (collectively the "Kowis Parties"). The trial court overruled the Hanson Parties' venue objections, denied their motions to transfer venue, and determined that each of the Kowis Parties independently had established proper venue in Harris County.

The Hanson Parties timely perfected an interlocutory appeal from the trial court's order under section 15.003(b) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b) (West, Westlaw through 2019 R.S.). The Hanson Parties also had objected to venue in Harris County and moved the trial court to transfer venue as to the claims filed against them by numerous intervenors. But, the trial court struck the petitions in intervention of these intervenors and dismissed the intervenors' claims without prejudice. When the Hanson Parties perfected this interlocutory appeal, the Kowis Parties were the only parties with claims still pending in the trial court whose claims had been the subject of the Hanson Parties' venue objections and motions to transfer venue.[1]

---

[1] In each of the appellant's briefs filed in this appeal, the appellants stated that the Kowis Parties were the only parties with claims still pending in the trial court whose claims had been the subject of the Hanson Parties' venue objections and motions to transfer venue.

Thus, we conclude that the Kowis Parties are the appellees in this appeal, and we denominate them as such in our opinion and judgment. The Kowis Parties are represented by the same attorneys who represent John Earl Ellisor and other plaintiffs in the trial court.

The Hanson Parties filed their appellants' briefs, asserting various arguments as to why the trial court erred in determining that Harris County is a proper venue for the Kowis Parties' claims against the Hanson Parties. About a week before the appellees' brief was due, the Kowis Parties' attorneys filed a suggestion of mootness, asserting that this appeal is now moot because each of the Kowis Parties had just nonsuited their claims against the Hanson Parties in the trial court. The Hanson Parties agree that the Kowis Parties' nonsuit of their claims renders this appeal moot, and they ask this court to award the appellate costs in this case to the Hanson Parties under Texas Rule of Appellate Procedure 43.4, either because the Hanson Parties are the prevailing parties in this appeal or for good cause. *See* Tex. R. App. P. 43.4.

Appellate courts are not to decide moot controversies, a rule rooted in constitutional prohibitions against rendering advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). If a judgment can have no practical effect on an existing controversy, the case becomes moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion. *See Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The Kowis Parties have nonsuited their claims against the Hanson Parties. Thus, a judgment rendered by this court as to whether the trial court erred in concluding that venue for these claims is proper in Harris County would have no

3

practical effect on an existing controversy. *See Dolgencorp of Texas, Inc. v. Espinoza*, No. 04-10-00765-CV, 2011 WL 382779, at *1 (Tex. App.—San Antonio Feb. 2, 2011, no pet.) (mem. op.). Because this appeal has become moot, we must dismiss it on this basis. *See id.*

Under Rule 43.4, in this court's judgment, the court generally should award to the prevailing party all costs incurred by that party related to the appeal. Tex. R. App. P. 43.4. Nonetheless, this court may tax costs otherwise as required by law or for good cause. *See id.*; *Dolgencorp of Texas, Inc.*, 2011 WL 382779, at *1.

Because this appeal has become moot before this court could reach the merits, we cannot say that either side is the prevailing party in the appeal. The Kowis Parties' attorneys argue that good cause to award the appellate costs to the Hanson Parties does not exist because the record does not show gamesmanship and because doing so would punish the Kowis Parties for filing pleadings that the Multi-District Litigation Panel below[2] authorized them to file in October 2019. The Hanson Parties perfected appeal on January 3, 2020. Thus, the Hanson Parties incurred all of their appellate costs after October 2019. The Kowis Parties could have nonsuited their claims against the Hanson Parties after October 2019, and before the Hanson Parties incurred their appellate costs. Under the circumstances of this case, we conclude that good cause exists to tax all the appellate costs in this case against the Kowis Parties. *See* Tex. R. App. P. 43.4; *John Saenz & Assoc., P.C. v. RGV Premier Scan LLC*, No. 04-18-00366-CV, 2018 WL 4903051, at *1 (Tex. App.—San Antonio Oct. 10, 2018, no pet.) (mem. op.); *Dolgencorp of Texas, Inc.*, 2011 WL 382779, at *1.

---

[2] According to the parties, the lawsuit below is part of a potential Multi-District Litigation proceeding.

We dismiss the appeal as moot, and for good cause, we order the Kowis Parties to pay all costs incurred in this appeal.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Spain.