VE CORPORATION, Petitioner,

v.

ERNST & YOUNG, Respondent.

No. D–3654.

Supreme Court of Texas.

June 16, 1993.

Jonathan T. Suder, Walker C. Friedman, George Parker Young, Fort Worth, for petitioner.

John Allen Chalk, Thomas F. Harkins, Jr., Fort Worth, for respondent.

PER CURIAM.

The issue in this case is whether filing an identical lawsuit in another state, when the original suit in this state is dismissed on the basis of forum non conveniens, renders the appeal of the Texas dismissal moot. We conclude that it does not and remand this cause to the court of appeals.

In a Texas state court, VE Corporation ("VE") sued Ernst & Young for accounting malpractice in connection with work performed in California. Ernst & Young moved to dismiss the suit based on forum non conveniens, and its motion was granted. VE appealed the trial court's order. While the case was pending on appeal, VE filed an identical suit in California.

The court of appeals issued an opinion on the merits; however, Ernst & Young moved on rehearing to dismiss the appeal. Ernst & Young argued that the filing of the California suit rendered the appeal moot because the filing indicated VE's acquiescence that California was the forum of convenience and it mooted any controversy before the court of appeals. The court of appeals agreed, withdrawing its opinion and dismissing the appeal as moot. 860 S.W.2d 116.

 Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties. *See Hornblower, Weeks, Noyes & Trask, Inc. v. Reedy,* 587 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The court's action in this case does affect the rights of the parties.

Identical suits may be pending in different states. *See Project Engineering USA v. Gator Hawk,* 833 S.W.2d 716, 724 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Quiroz v. McNamara,* 585 S.W.2d 859, 864 (Tex.Civ.App.—Tyler 1979, no writ). In such a situation, the principle of comity generally requires the later-filed suit to be abated. *See Project Engineering USA,* 833 S.W.2d at 724. Merely filing suit in California does not affect moot the issue of whether Texas is a proper forum for VE's suit against Ernst & Young, nor does it, without more, indicate VE's agreement that California is the forum of convenience. The court of appeals erred in dismissing the appeal as moot.

Without hearing oral argument and pursuant to Texas Rules of Appellate Procedure 170, a majority of this court reverses the court of appeals' judgment dismissing this appeal and remands the cause to that court for a determination on the merits.