Dismissed and Memorandum Opinion filed November 30, 2006








Dismissed
and Memorandum Opinion filed November 30, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00774-CV

____________

 

U.S. JIN CHEN ENTERPRISE, INC., Appellant

 

V.

 

PI-CHI CHEN a/k/a PI-CHEE CHEN, VONI CHEN a/k/a
PI-CHUN CHEN, RICHARD CHUN-HUA, HOUSTON T-SHIRT BAG COMPANY, JOHN DOE I, JOHN
DOE II, AND JOHN DOE III, Appellees

 



 

On Appeal from the 152nd District Court

Harris County,
Texas

Trial Court Cause
No. 2003-56332

 



 

M E M O R
A N D U M   O P I N I O N








This is
an attempted appeal from the judgment nunc pro tunc signed by the trial court
on August 2, 2006.  Appellant appealed the original judgment in this cause in
appellate cause number 14-05-00395-CV.  The judgment nunc pro tunc was signed
while that appeal was pending.  A panel of this court issued an opinion on
October 26, 2006, affirming the judgment.  U.S. Jin Chen Enterprise, Inc. v.
Pi-Chi Chen, No. 14-05-00395-CV, 2006 WL 3040755 (Tex. App.BHouston [14th Dist.] Oct. 26, 2006,
no pet. h.).  In disposing of this appeal, the court addressed the original
judgment, the August 2, 2006, judgment nunc pro tunc, and appellant=s objection to the judgment nunc pro
tunc.  Id. at *2.

If a
controversy ceases to exist, the case becomes moot.  Williams v. Lara,
52 S.W.3d 171, 184 (Tex. 2001).  Generally, an appeal is moot when the court=s action on the merits cannot affect
the rights of the parties.  VE Corp. v. Ernst & Young, 860 S.W.2d
83, 84 (Tex. 1993).  Here, the controversy between the parties concerning the
judgment nunc pro tunc has already been adjudicated in appellate cause number
14-05-00395-CV.  Because the appellant=s complaints concerning the judgment
nunc pro tunc have already been adjudicated, this appeal is moot.  

On
November 1, 2006, the parties were advised of the court=s intention to dismiss the appeal as
moot, and the court requested the parties to file responses on or before
November 10, 2006, showing meritorious grounds for continuing the appeal.  No response
was filed.

Because
the only issues that could be raised in this appeal are moot, the appeal must
be dismissed.  See Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569,
570 (Tex. 1990). 

Accordingly,
the judgment of the trial court is dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 30, 2006.

Panel consists of Justices Anderson, Hudson, and
Guzman.