Dismissed as Moot and Majority and Dissenting Opinions filed August 26,
2008








Dismissed as
Moot and Majority and
Dissenting Opinions filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00333-CV

____________

 

JACK W. THOMPSON, Appellant

 

V.

 

DAVID RICARDO & KARA K. PEAK, Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 2005-56772

 



 

D I S S E N T I N G   O P I N I O N








Appellant Jack W. Thompson, the attorney who represented
plaintiff Niki Koestens in her suit in the trial court against
appellees/defendants David Ricardo and Kara K. Peak,  challenges the trial
court=s sanction ordering
him to Atake all actions
necessary to release any and all liens on the Property on or before January 31,
2007.@[1]  Rather than
address the merits, the majority concludes that this appeal is moot because
Thompson has completed all the actions specified in the trial court=s order.  However,
the evidence upon which the majority relies shows otherwise.  In addition, this
court=s action on the
merits of this appeal could affect the rights of the parties, and therefore,
this case is not moot.  Instead of dismissing this appeal based on mootness,
this court instead should reach the merits and rule on the propriety of the
sanction against Thompson.

                                            The
appeal is not moot.

When Picardo and Peak moved for sanctions under Texas Rule
of Civil Procedure 13, Koestens nonsuited her claims.  After a hearing, the
trial court signed an order sanctioning Koestens and Thompson.  The only Rule
13 sanction imposed on Thompson was the trial court=s order that
Thompson Atake all actions necessary to release any and all
liens on the Property on or before January 31, 2007.@  The majority
concludes that Thompson has completed all the actions specified in the trial
court=s order and, for
this reason, his appeal is now moot.  

To complete the actions specified in the sanctions order,
Thompson had to take all actions necessary to release all liens on the real
property in question on or before January 31, 2007.  The evidence shows the
following relevant facts regarding the trial court=s sanctions order
and Thompson=s compliance with it:

!       The trial court signed its sanctions order on
December 14, 2006.  

!       On or before December 26, 2006, Thompson
drafted two two-page documents to release the First Lien and the Second Lien,
and he also prepared a letter to his client Koestens, dated December 26, 2006,
asking her to take these releases to the lienholder to have them executed. 

!       Koestens picked up the letter and the lien
releases on December 26, 2006.

!       On January 23, 2007, the lienholder on the
First Lien signed a release of that lien.








!       On February 1, 2007, Thompson mailed the
release of the First Lien to the Harris County Clerk for recording in the Real
Property Records. 

!       On June 15,
2007, the lienholder on the Second Lien signed a release of that lien, and this
release was recorded in the Harris County Real Property Records on June 18,
2007.  

If the trial court=s sanctions order
required Thompson to take all actions necessary to have releases of the liens
both executed and recorded on or before January 31, 2007, then Thompson did not
complete all the actions specified therein because that task was not
accomplished until many months after the trial court=s deadline. 
Neither release of lien was recorded on or before the deadline, and no evidence
suggests Thompson did all he could do or that was necessary to get the liens
released within the time frame ordered by the trial court.  For example, the
trial court might conclude that Thompson could have drafted the releases in
fewer than 12 days, that he could have presented the releases to the lienholder
rather than delegating that task to Koestens, and that he could have followed
up with the lienholder and endeavored to meet the deadline.  In any event, even
if the order only required that the releases be executed (and not recorded) by
the lienholder by January 31, 2007, the release for the Second Lien was not
signed until June 15, 2007, four-and-a-half months after the deadline.  

Presuming that this appeal would be moot if Thompson had
completed all the actions specified in the trial court=s order, there is
no evidence that Thompson completed the required actions.  The trial court
still has the power to hold Thompson in contempt for violating this order by
not completing the tasks within the time ordered by the court.  See Cool
World And Can, Inc. v. State, No. 01-01-00966-CV, 2002 WL 31319965, at *2
(Tex. App.CHouston [1st Dist.] Oct. 17, 2002, no pet.) (not
designated for publication) (holding that appeal from injunction was not moot
because, if the injunction was valid, then the appellants were subject to being
held in contempt).  For this reason alone, this appeal is not moot.








Furthermore, an appeal is generally not moot unless the
appellate court=s action on the merits cannot affect the
rights of the parties.  VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84
(Tex. 1993).  In response to Ricardo and Peak=s argument that
this appeal is moot, Thompson has asserted that Ricardo and Peak have sued him
in a separate action that is pending at the district court level and that the
Rule 13 sanctions order that Thompson challenges in this appeal is serving as
the underlying basis for Ricardo and Peak=s claims against
him in that case.  Though Thompson has not provided this court with pleadings
for the other suit, he has provided this court with the cause number, and
Ricardo and Peak have not denied or taken issue with Thompson=s description of
that litigation.  If this court were to conclude that the trial court abused
its discretion by sanctioning Thompson and vacate the sanctions order on the
merits, Ricardo and Peak would not be able to rely on this order in their suit
against Thompson.  Therefore, this court=s action on the
merits of this appeal can affect the rights of the parties, and for this
additional reason, this case is not moot.  See VE Corp., 860 S.W.2d at
84; San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 332 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).








The majority states that, because Ricardo and Peak assert
in this court that Thompson has complied with the sanctions order, they will be
estopped from seeking contempt in the trial court below or from relying on the
order in other proceedings.  However, this court cannot make a binding ruling
on this estoppel issue in the instant appeal.  In addition, the trial court is
charged with seeing that its orders and judgments are obeyed, enforced, and
executed.  See Tex. R. Civ. P. 308. 
Even if Ricardo and Peak were estopped from arguing that Thompson should be
held in contempt, the trial court has the authority to issue a show cause order
on its own motion and determine whether Thompson should be held in contempt,
even without any action by Ricardo and Peak.  See Dallas County v. Mays,
747 S.W.2d 842, 844B45 (Tex. App.CDallas 1988), rev=d in part on other
grounds by, Mays v. Fifth Court of Appeals, 755 S.W.2d 78 (Tex. 1988). 
Thus, the application of estoppel principles does not render Thompson=s appeal of the
sanctions order moot.

 For these reasons, this court should not
dismiss this appeal.  Instead, the court should address the merits of the Rule
13 sanctions issues.  Because it does not, I respectfully dissent.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Majority and Dissenting Opinions
filed August 26, 2008.

Panel
consists of Justices Fowler, Frost, and Seymore. (Fowler, J., majority).









[1]  There was a lien on this property in the original principal amount of
$15,000 (hereinafter AFirst Lien@) as well as a lien on the property
in the original principal amount of $10,000 (hereinafter ASecond Lien@).