# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00423-CV

**City of Austin, Appellant**

**v.**

**Clifton Alexander, Rob Acker, Joe Augeri, James Baker, Doug Boes, Brad Ballard, John Banning, Scott Bartell, Edward Baxter, Dan Beard, David Bearden, David Belknap, Mike Bewley, Mikel Borg, David Brietzke, Drew Britcher, Becky Brooks, Kevin Brooks, Malvin Brown, Palmer Buck, Richard Bunte, Jeremy Burke, Richard Candelario, Alfred Cervera, Bret Carr, Michael Chappell, Duncan Charlton, Andrew Chelf, John Cherry, Ed Cisler, Larry Clowry, Jerry Cohen, Robbie Colt, Matt Cox, Wade Crain, Greg Crowley, Prestin Curtis, Marshall Dandridge, Richard Davis, Scott Decuir, Doug Dedear, David Dixon, Tom Dodds, Anthony Dwyer, Lynn Eichler, Donald Eickhoff, Dan Elliott, Tracy Evans, Jorge Felix, Stuart Finnessey, Crocket Foster, Lionel Foster, Doug Fowler, Faron Fowler, Ken Fowler, Mike Frick, Daniel Galvan, Homero Barcia, David Garza, Mike Geraty, Lawrence Gess, John Green, Guy Groomer, Randy Gunn, Luis Gutierrez, Bob Hamilton, Rob Hayden, Daniel Herman, Gregorio Hernandez, David Hiebert, Patrick Holman, Mary Ann Hubbard, Phil Jack, Scott Janecek, Randy Jones, Andre Jordan, Travis Jordan, Janet Kallus, Clifford Kealey, Rod Kelley, Bryan Kent, Edgar Kneupper, Kelly Knobloch, Chris Lafferre, Brad Landi, John Lenz, Raymond Lescbher, Mike Littrell, Ken Lones, Joe Loughran, John Lowery, David Lundstedt, Eric Lupton, Mark Madison, Thomas Madison, Carmen Maguire, Danny Marquis, Juan J. Martinez, Steve Martinez, Matt McBrayer, Donald McCullough, Matt McElerney, Les Mckay, Marion McKibbin, William McLain, Richard Mendez, Brent Meisenheimer, Chad Messersmith, Larry Miller, Will Moncrief, Ricky Moore, Phil Mueller, Mike Nascimbeni, Randell Nations, Brian Nolan, Michael Norris, Glen O'Dell, Terrence Oertli, Joe Olague, Lonnie Owen, Robert A. Parker, Wayne Parrish, Greg Paschall, Gary Paskos, Mike Pearson, Angel Perez, Paul Phillips, Mark Pigg, Hunter Pomroy, Todd Pomroy, Michael Pooler, Greg Powers, Tye Prange, Gary Priest, Carie Pritchard, Andy Reardon, Greg Reddish, Tom Reiner, Scott Reynolds, Roy Richardson, Joe Ridgeway, Alex Rodriguez, Edward Roel, Dean Rumel, Chris Sandman, Marcello Saenz, Nicholas Schappe, Kim Schmidt, Andrew Schultz, Mark Schultz, Barbara Scotti, Vincente Serrano, David Smith, Mike Stephenson, Tracey Suire, Reggie Tait, Justin Taltentino, Roger Tanner, Everett Thomas, Kathy Touretellotte, Tim Treckman, Stephen Truesdell, Rene Vallejo, Stan Van Hoose, Jose Vaquez, Miguel Vasquez, Robert Vickery, Art Vieria, Mike Villarreal, Kelly Wacker, Brandon Wade, Bryan Wagers, Jon Wakefield, Scott Walters, Chris Watson, Charles Weise, John Weller, Lawrence Wesley, Jan Wesson, Carlton Whitehurst, Tommy Wilkins, Michael Williams, Lance Williamson, Charles Wolfe, Hugh Woodard, Aaron Woolverton, Gerald Worry, and Scott Worth, Appellees**

## MEMORANDUM OPINION

A number of current and former Austin fire fighters (collectively, "the Fire Fighters") filed suit against the City of Austin ("the City"), claiming violations of the Fire Fighter and Police Officer Civil Service Act, *see* Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (West 2008) ("the Civil Service Act"). Specifically, the Fire Fighters allege that City of Austin Ordinance 020926-13 violates sections 143.041 and 143.044 of the Civil Service Act by preventing them from simultaneously receiving both certification pay and educational incentive pay. *See id.* §§ 143.041, .044. The Fire Fighters seek declaratory, injunctive, and mandamus relief, as well as an award of back pay. The City filed a partial plea to the jurisdiction in connection with the back pay claims of a certain portion of the Fire Fighters. The trial court denied the plea, and the City filed the present interlocutory appeal. Meanwhile, the parties filed cross-motions for summary judgment, and the trial court issued a final order granting summary judgment in favor of the City. The Fire Fighters' appeal from the summary judgment is cause number 03-08-00594-CV.[1] On the parties' joint motion, we consolidated the two appeals for the limited purpose of consideration.[2]

---

[1] The names of the parties in cause number 03-08-00423-CV have been taken from the City of Austin's notice of appeal, while the names of the parties in cause number 03-08-00594-CV have been taken from the Fire Fighters' notice of appeal. To the extent there are differences in the names of individual plaintiffs, these differences are also reflected in the parties' notices of appeal.

[2] The parties' motions for leave to file supplemental post-submission briefs are hereby granted.

2

Because we are compelled to reach the merits of the summary judgment regardless of our determination of the jurisdictional issue, and because we affirm the trial court's grant of summary judgment dismissing all of the Fire Fighters' claims in cause number 03-08-00594-CV, we dismiss as moot the City's interlocutory appeal of the denial of its partial plea to the jurisdiction.

## DISCUSSION

The City concedes that the trial court had subject-matter jurisdiction over all of the Fire Fighters' claims other than their claims for back pay. The City further concedes that governmental immunity has been waived with regard to the back pay claims of at least nine of the individual plaintiffs because they first asserted their claims by filing this suit after the June 15, 2007 effective date of the immunity waiver found in local government code section 180.006. *See* Tex. Loc. Gov't Code Ann. § 180.006 (West 2008) (waiving immunity for back pay claims by fire fighters or police officers against employing municipality); *see also id.* historical note [Act of June 15, 2007, 80th Leg., R.S., ch. 1200, § 3, 2007 Tex. Gen. Laws 4071, 4072] (waiver of immunity "applies only to a claim . . . initially asserted on or after the effective date [June 15, 2007] of this Act."). The City argues, however, that because the remainder of the plaintiffs filed a previous lawsuit under the same theory of recovery in 2006, they "initially asserted" their back pay claims prior to the effective date of section 180.006 and therefore cannot take advantage of the immunity waiver.[3]

---

[3] The City also argues, in the alternative, that section 180.006 cannot be applied retroactively to claims that *accrued* before June 15, 2007. At a minimum, however, the City concedes that governmental immunity does not bar the back pay claims of nine of the individual plaintiffs to the extent those claims accrued after June 15, 2007.

In supplemental briefing to this Court, the City states that its "partial jurisdictional challenge implicates only Plaintiffs' claims for retrospective money damages—not subject matter jurisdiction to hear the Plaintiffs' claims. Therefore, if this Court upholds the trial court decision [granting summary judgment] in Appeal No. 03-08-00594, there is no need to reach the City's jurisdictional arguments." We agree. Given that the jurisdictional challenge implicates only the back pay claims raised by some of the Fire Fighters and does not affect the Fire Fighters' claims for prospective relief or the trial court's jurisdiction to determine whether the City violated the Civil Service Act, we must review the merits of the summary judgment regardless of our holding on the jurisdictional question.

While an appellate court typically must examine questions of jurisdiction, even when not raised by the parties, in order "to ensure that its decision on the merits is not merely advisory," *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 853-54 (Tex. 2000) (Hecht, J., dissenting), there is no potential for an advisory opinion in this case, as the City concedes that the trial court had jurisdiction over the Fire Fighters' claims that the City violated the Civil Service Act.

Furthermore, in light of our opinion issued today in cause number 03-08-00594-CV, in which we held that the trial court's order granting summary judgment and dismissing all of the Fire Fighters' claims was proper, any determination regarding jurisdiction as to the back pay claims of certain Fire Fighters would have no effect on the rights of the parties. *See VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam) ("[A]n appeal is moot when the court's action on the merits cannot affect the rights of the parties."); *cf. Dardas v. Fleming, Hovenkamp & Grayson, P.C.*, 194 S.W.3d 603, 621 n.7 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)

(declining to resolve jurisdictional question that "would not affect our judgment in this case"). On that basis, we dismiss the City's appeal from the trial court's denial of its partial plea to the jurisdiction.

## CONCLUSION

We dismiss as moot the City's interlocutory appeal from the trial court's denial of its partial plea to the jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Dismissed as Moot

Filed:   November 20, 2009

5