

IN THE
TENTH COURT OF APPEALS

No. 10-16-00329-CV

IN THE MATTER OF A.J., A JUVENILE

From the 272nd District Court
Brazos County, Texas
Trial Court No. 418-J-15

MEMORANDUM OPINION

In an order issued February 15, 2017, we ordered briefing on the question of whether this proceeding is moot[1] because the juvenile court judge does not appear to have adopted the referee's "Order Modifying Disposition" signed by the referee on August 29, 2016.[2]  As explained in our earlier order, if the referee's order was not adopted by the juvenile court judge the next working day after it was received, it "results in release of the child by operation of law…."  TEX. FAM. CODE ANN. § 54.10(d) (West 2014).

---

[1] Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties. *See VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

[2] At the end of the Order Modifying Disposition is a document entitled, "Referee's Report" which recommends that the "foregoing proposed order be adopted as the judgment of the Court."  A paragraph adopting the "foregoing orders" is provided at the bottom of the Referee's Report with a space for the date and the signature of the "Judge Presiding."  These spaces are blank.

The Court ordered briefing on this issue within 14 days.

The State filed a response which did not directly address the referenced statute but suggested the appeal was moot for similar reasons.

The appellant has failed to file a response.

The referee's order is a nullity if it is not timely acted upon by the juvenile court judge. The juvenile court judge did not act upon the referee's order. The referee's order does not, and cannot, be the basis for a modification of the juvenile's disposition order.

Because the referee's order was not adopted by the juvenile court judge, we agree with the State that there is nothing to appeal. The referee's Order Modifying Disposition is a nullity, and this appeal is moot. Accordingly, the Order Modifying Disposition is vacated, and this appeal is dismissed for want of jurisdiction. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction.").

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 22, 2017
[CV06]

