# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00325-CV

---

**Glen Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas, Appellants**

**v.**

**CSG Forte Payments, Inc. f/k/a Forte Payment Systems, Inc., Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-003520, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the district court's order denying the Comptroller's plea to the jurisdiction[1] in a sales-tax protest case brought under Chapter 112 of the Tax Code. *See* Tex. Tax Code §§ 112.051–.060 (authorizing tax challenges after payment under protest). For the reasons set forth below, we reverse the district court's order and render judgment dismissing the claims challenged in the Comptroller's plea to the jurisdiction.

---

[1] The Comptroller filed a motion to dismiss for lack of jurisdiction, but for convenience we refer to the motion as a plea to the jurisdiction. *See Texas Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 866–67 (Tex. 2001) (treating "Motion to Dismiss for Lack of Jurisdiction Based on Sovereign Immunity" as plea to jurisdiction).

**BACKGROUND**

CSG Forte Payments, Inc. (Forte) provides electronic-payment services to its customers and charges fees to move money by electronic transfer. After an audit, the Comptroller concluded that Forte should have collected sales tax on the services it provides to its customers because, the Comptroller asserts, those services constitute a taxable "data processing service." *See id.* §§ 151.035 (defining "data processing service"), .0101 (including "data process service" in list of "taxable services"). Accordingly, it assessed additional sales and use taxes totaling approximately $445,000 for tax periods 2009–2012 and 2013–2016. Forte sought redetermination of that assessment through the Comptroller's administrative redetermination process. *See id.* § 111.009 (authorizing petition for redetermination of Comptroller's assessment).

While the administrative redetermination proceeding was pending, the Fourteenth Court of Appeals decided, in a case transferred from this Court under the Texas Supreme Court's docket-equalization authority, that electronic-payment services are not taxable. *See Hegar v. Checkfree Servs. Corp.*, No. 14-15-00027-CV, 2016 WL 1576414, *5–6 (Tex. App.—Houston [14th Dist.] Apr. 19, 2016, no pet.) (mem. op.); *see also* Tex. Gov't Code § 73.001 (authorizing supreme court to transfer appellate cases). Forte asked the Comptroller to reconsider the assessment in light of the *Checkfree* decision, but the Comptroller refused. Forte then asked the Comptroller to dismiss the pending administrative redetermination proceeding so that Forte could seek judicial review of the assessment, but the Comptroller refused to do so until Forte paid the assessed taxes under protest, filed a tax protest suit in district court, and then moved to dismiss the administrative proceeding. *See* 34 Tex. Admin. Code § 1.39 (2108) (Comptroller of Public Accounts, Dismissal of Case), *repealed and recodified by* 43 Tex. Reg. 8126, 8123 (2018) (current

2

version at 34 Tex. Admin. Code § 1.32) ("former Rule 1.39"). After Forte complied, the Comptroller dismissed the administrative proceeding.

Forte's suit against the Comptroller challenges the Comptroller's assessment against it under Chapter 112 of the Tax Code; asserts a claim under the Administrative Procedure Act, *see generally* Tex. Gov't Code §§ 2001.001–.903; and seeks declaratory relief under the Uniform Declaratory Judgments Act (UDJA), *see generally* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011. Only Forte's UDJA claims are at issue in this appeal.

In connection with its UDJA claims, Forte requests the following statutory-construction declarations on the ground that "it is entitled to know, for future periods, whether its service is subject to the Texas sales and use tax":

(a) Electronic-payment services are not taxable under Texas Tax Code § 151.0101 [(defining "taxable services" for purposes of sales and use taxes)].

(b) Texas Tax Code § 151.0035 [(defining "data processing service" for purpose of sales and use taxes)] does not impose Texas sales and use tax on charges for services that incidentally use computers to store and process data, such as check approval or authorization when performed by nonprofessionals.

(c) Texas Tax Code § 151.0035 does not require a showing that the taxpayer is engaged in the provision of a "professional service" to be excluded from the definition of data processing.

(d) Texas Tax Code § 111.009 [(authorizing taxpayer to seek administrative redetermination)], and Chapter 112 [(setting forth rules and procedures governing taxpayer suits)], do not require a taxpayer seeking to terminate an administrative redetermination hearing to pursue a protest suit in district court to obtain . . . the Comptroller's agreement. The taxpayer may unilaterally dismiss its administrative redetermination hearing by filing a notice of dismissal.

(Collectively, "UDJA statutory-construction claims.") Forte maintains that it is entitled to these declarations because the UDJA authorizes a person "whose rights, status, or other legal relations

are affected by a statute [to] have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004.

Also under the UDJA,[2] Forte alleges that the Comptroller acted ultra vires by assessing the additional tax and by not allowing it to unilaterally dismiss the administrative redetermination proceeding (collectively, "ultra vires claims"). As relief for these claims, Forte seeks declarations (a) through (d) listed above plus the following additional declarations:

(e) In endeavoring to compel Forte to pay Texas sales and use tax on its electronic payment service in violation of Texas Tax Code Chapter 151, Comptroller Hegar acted wrongfully and without legal authority.

(f) Forte is not liable for the Texas sales and use tax, penalty, or interest assessed by the Comptroller.

(g) [Former Rule] 1.39 allows a taxpayer to file a unilateral Motion to Dismiss a pending administrative redetermination hearing to change venues.

The Comptroller filed a plea to the jurisdiction challenging Forte's UDJA statutory-construction claims and ultra vires claims. The Comptroller argued that sovereign immunity bars the UDJA statutory-construction claims because the relief sought is redundant to that Forte could obtain in its Chapter 112 suit and because the UDJA does not waive immunity for claims seeking a declaration of rights under a statute. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam) (observing that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law");

---

[2] Private parties may seek declaratory relief under the UDJA in connection with alleged ultra vires acts. *See, e.g.*, *Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 906 (Tex. App.—Austin 2009, no pet.).

*Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (observing that "there is no general right to sue a state agency for a declaration of rights" in light of limited scope of UDJA's immunity waiver). The Comptroller argued that sovereign immunity bars Forte's UDJA ultra vires claims because the relief sought is retrospective and because the issues related to the administrative proceedings are moot. *See City of Dallas v. Albert*, 354 S.W.3d 368, 378–79 (Tex. 2011) ("*Heinrich* clarified that only prospective, not retrospective, relief is available in an ultra vires claim." (*citing City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009)); *Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 119–20 (Tex. App.—Austin 2007, no pet.) (holding that sovereign immunity barred ultra vires claim seeking to invalidate previously executed state contract because that remedy was retrospective in nature). Finally, the Comptroller argued that Forte's UDJA ultra vires claims relating to a taxpayer's ability to dismiss a pending administrative redetermination hearing—i.e., declarations (d) and (g)—were moot because Forte's redetermination hearing had already been dismissed. After a hearing, the district court denied the Comptroller's motion, and this interlocutory appeal ensued. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from order granting or denying plea to the jurisdiction by a governmental unit).

## Analysis

The Comptroller raises six challenges to the district court's order denying its plea to the jurisdiction: (1) the redundant-remedies doctrine bars Forte's UDJA statutory-construction claims; (2) sovereign immunity bars Forte's UDJA statutory-construction claims because the UDJA does not waive sovereign immunity for statutory-construction claims; (3) Forte's UDJA statutory-construction claims regarding its future taxability are not ripe; (4) Forte's request for

5

attorney fees under the UDJA is barred by sovereign immunity; (5) Forte's UDJA ultra vires claims are barred by sovereign immunity because they seek retrospective relief; (6) Forte's UDJA ultra vires claims related to the administrative process are moot because the hearing has been dismissed.

**Standard of review**

"A plea to the jurisdiction challenges the court's authority to decide a case." *Heckman v. Williamson County*, 369 S.W.3d 137, 149 (Tex. 2012). We review a plea challenging the trial court's subject-matter jurisdiction de novo, affording no deference to the trial court's ruling. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). Analysis of whether this authority exists begins with the plaintiff's live pleadings and continues with evidence the parties presented below that is relevant to the jurisdictional issues. *Id.* "When, as here, the facts relevant to jurisdiction are undisputed, the court should make the jurisdictional determination as a matter of law based solely on those undisputed facts." *Machete's Chop Shop, Inc. v. Texas Film Comm'n*, 483 S.W.3d 272, 278 (Tex. App.—Austin 2016, no pet.). If the pleadings lack facts sufficient to affirmatively demonstrate jurisdiction, but also do not demonstrate incurable defects in jurisdiction, then the issue is one of pleading sufficiency and the plaintiff must be allowed the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings or undisputed facts affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227; *Gattis v. Duty*, 349 S.W.3d 193, 209 (Tex. App.—Austin 2011, no pet.) (reversing and rendering judgment dismissing claims for want of jurisdiction because defects are "a function of pled or undisputed facts that affirmatively negate jurisdiction").

**Forte's UDJA statutory-construction claims**

The Comptroller asserts on appeal that the district court erred in denying its plea to the jurisdiction as to Forte's UDJA statutory-construction claims because the UDJA does not waive sovereign immunity for declaratory relief requesting construction of a statute. We agree.

Sovereign immunity is the "well-established doctrine 'that no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent.'" *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015) (quoting *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006)). The Legislature may waive immunity by statute, but it must do so by clear and unambiguous language. Tex. Gov't Code § 311.034; *Tooke*, 197 S.W.3d at 332–33.

As Forte asserts, the UDJA generally authorizes claimants "whose rights, status, or other legal relations are affected by a statute" to "have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). But this authorization is not a waiver of sovereign immunity to entertain such a claim—the UDJA generally "does not enlarge the trial court's jurisdiction but is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Sefzik*, 355 S.W.3d at 621–22 (adding that "we have consistently stated" that principle (quoting *Sawyer Tr.*, 354 S.W.3d at 388)). As the Texas Supreme Court has clarified, the UDJA's sole feature that can affect a trial court's jurisdiction to entertain a substantive claim is the statute's implied limited waiver of sovereign immunity for claims challenging the validity of ordinances or statutes. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634–35 (Tex. 2010) (citing Tex. Civ. Prac. & Rem. Code § 37.006(b); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)). It has squarely repudiated the once widespread

7

notion that the UDJA confers some broader right to sue the government to obtain "statutory construction" or a "declaration of rights." *See Sefzik*, 355 S.W.3d at 621–22 ("The UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law."); *Sawyer Tr.*, 354 S.W.3d at 388 ("there is no general right to sue a state agency for a declaration of rights" in light of limited scope of UDJA's immunity waiver).

Forte has not asserted a challenge to the validity of a statute. Consequently, the UDJA itself ultimately has no bearing on whether Forte's claims invoke the district court's jurisdiction. We must look instead to the claims' underlying substance in order to determine whether the district court has jurisdiction to entertain them. *See, e.g.*, *Sawyer Tr.*, 354 S.W.3d at 389 ("[t]he central test for determining jurisdiction" looks to whether "the 'real substance' of the plaintiffs' claims" is within court's jurisdiction (citing *Dallas Cnty. Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 343–44 (Tex. 1998))).

By suing for declarations that its form of business is not subject to Texas sales and use taxes, Forte is, in substance, asserting a taxpayer challenge to the Comptroller's tax assessment. More specifically, given that Forte explicitly limits its UDJA statutory-construction claims to possible future tax assessments—Forte's petition states, with respect to these claims, that it "is entitled to declaratory relief under the UDJA for *future* periods" (emphasis added)—Forte is asserting a taxpayer challenge to possible future tax assessments.[3] Assuming that these claims are ripe, the Legislature has not waived immunity for such a suit.

---

[3] The Comptroller asserts in his first issue that because the relief sought under Forte's UDJA statutory-construction claims is identical to the relief it seeks under its Chapter 112 protest claim, the UDJA statutory-construction claims are barred under the redundant-remedies doctrine. *See Patel v. Texas Dep't of Licensing & Reg.*, 469 S.W.3d 69, 79 (Tex. 2015) (explaining that redundant-remedies doctrine prohibits courts from entertaining UDJA action when same claim could be pursued through different channels) (citing *Texas Mun. Power Agency v. Public Util.*

The Legislature has waived the State's sovereign immunity for only three types of tax challenges—protests, injunctions, and refunds. *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749–50 (Tex. 2020) (citing Tex. Tax Code §§ 112.001, .051, .101, .108); *In re Nestle USA, Inc.*, 359 S.W.3d 207, 209 (Tex. 2012) (orig. proceeding) ("Chapter 112 allows no other actions to challenge or seek refunds of the taxes to which it applies."). None of these waivers contemplates the challenge to possible future assessments that Forte asserts here. To the contrary, each waiver is predicated on the existence of an assessment or pending assessment. For example, protest suits are authorized to recover a tax "required to be paid to the state," Tex. Tax Code §§ 151.051(a), .052(a), and the taxpayer in a protest suit must produce records relating to "the amount of the tax, penalty, or interest that has been assessed or collected or will be refunded," *id.* § 151.052(d). Refund suits are authorized "to recover an amount of tax, penalty, or interest" that has already been collected, *id.* § 112.151(a), and a taxpayer bringing a refund suit must also produce records relating to the amounts "assessed or collected or [that] will be refunded," *id.* § 112.151(f).

Relatedly, for each of these kinds of tax suits, the taxpayer normally must meet some prepayment requirement before bringing the suit. *EBS*, 601 S.W.3d at 750; *see* Tex. Tax Code §§ 112.051 (requiring taxpayer in protest suit to first pay the amount allegedly owed in tax and fees), .101. (same for refund suit), .101(a) (requiring taxpayer in injunction suit to either pay amount allegedly owed or file bond covering the amount allegedly owed). These prerequisites are

*Comm'n*, 253 S.W.3d 184, 200 (Tex. 2007)). We agree that the relief requested would be redundant to that sought in the Chapter 112 claims if it were directed to the existing assessment, but Forte's UDJA statutory-construction claims are explicitly limited to the possibility of future assessments. For that reason, these claims go beyond resolution of its pending Chapter 112 claims and, accordingly, the Chapter 112 claim would not provide a redundant remedy. *See Patel*, 469 S.W.3d at 79 (holding that redundant-remedies doctrine did not apply because the declaration sought went beyond reversal of an agency order under APA).

jurisdictional requirements to challenging a tax assessment. *EBS*, 601 S.W.3d at 750 (citing *In re Nestle USA, Inc.*, 387 S.W.3d 610, 616 (Tex. 2012) (orig. proceeding); *In re Nestle*, 359 S.W.3d at 208)). Forte could not meet these jurisdictional prerequisites because there is no *existing* amount allegedly owed for possible future assessments. Nor could Forte use the Tax Code's exception to the prepayment requirement to avoid these jurisdictional prerequisites because the exception likewise assumes the existence of an assessment or alleged amount owed. *See* Tex. Tax Code § 112.108 (carving out exception to prepayment requirement where taxpayer "file[s] an oath of inability to pay the tax, penalties, and interest *due*" (emphasis added)).

For these reasons, we conclude that the Tax Code's waiver of sovereign immunity for taxpayer challenges does not provide the district court with jurisdiction over Forte's UDJA statutory-construction claims. *See Bullock v. Amoco Prod. Co.*, 608 S.W.2d 899, 901 (Tex. 1980) (holding that statutory predecessor providing for protest-payment suit "created a right not existing at common law and prescribed a remedy to enforce the right"; "[t]hus, the courts may act only in the manner provided by the statute which created the right"); *see also In re Nestle*, 359 S.W.3d at 212 ("Because these taxpayer rights of action are created by statute, waiving the State's immunity from suit, 'the courts may act only in the manner provided by the statutes which created the right.'" (quoting *Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193, 194 (Tex. App.—Austin 1979, writ ref'd))). Accordingly, the district court erred in denying the Comptroller's plea to the jurisdiction as to Forte's UDJA statutory-construction claims. Having so concluded, we need not consider the Comptroller's remaining jurisdictional challenges to those claims. *See* Tex. R. App. P. 47.1. Instead, we turn to the Comptroller's challenges to Forte's ultra vires claims.

10

**Forte's UDJA ultra vires claims**

The Texas Supreme Court "has long recognized that [sovereign] immunity does not bar claims alleging that a government officer acted ultra vires, or without legal authority, in carrying out his duties." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 157–58 (Tex. 2016). "'To fall within this ultra vires exception,' however, 'a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" *Id.* at 161 (quoting *Heinrich*, 284 S.W.3d at 372). In its live petition, Forte alleges that the Comptroller acted ultra vires:

- by assessing Texas sales and use tax on Forte's electronic payment service when it is not taxable under Texas Tax Code Chapter 151, as construed by the Fourteenth Court of Appeals in *CheckFree*;

- in enforcing an illegal data-processing rule that imposes tax in excess of the governing statute, as well as in denying Forte's unilateral Motion to Dismiss under [former] Rule 1.39; and

- by misinterpreting the limitations on his taxing authority and/or acting without reference to or in conflict with the law enabling him to act.

Forte brings its ultra vires claims under the UDJA and, as relief, seeks the seven declarations described above that would, stated generally, establish that its form of business is not subject to Texas sales and use taxes, that it is not liable for the sales-tax assessment imposed on it by the Comptroller, and that, under the Tax Code and former Rule 1.39, a taxpayer may unilaterally dismiss a redetermination hearing by filing a notice of dismissal. *See Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 906 (Tex. App.—Austin 2009, no pet.). (noting that private parties

may seek declaratory relief under UDJA in connection with alleged ultra vires act). On appeal, the Comptroller challenges the district court's jurisdiction over Forte's ultra vires claims.

*Comptroller's authority related to dismissal of the redetermination hearing*

As noted above, Forte asked the Comptroller to dismiss the pending administrative redetermination hearing so that Forte could seek judicial review of the assessment under subsections 112.051 and 112.052 of the Tax Code. *See* Tex. Tax Code §§ 112.051–.052 (waiving sovereign immunity for tax protest suit if taxpayer submits a written protest and pays the amount due under protest before filing suit). The Comptroller refused to dismiss the proceeding until Forte paid the assessed taxes under protest, filed a tax protest suit in district court, and then moved again to dismiss the administrative proceeding. *See id.*; 34 Tex. Admin. Code § 1.39 (2018) (requiring motion to dismiss administrative proceeding and including as ground for dismissal of redetermination that "a taxpayer's claims for the same tax and the same period are pending in a court"). After Forte complied, the Comptroller dismissed the administrative proceeding.

In its suit for judicial review, Forte alleges that the Comptroller acted ultra vires when it refused to allow Forte to unilaterally dismiss the administrative proceeding and, as relief, asks for declarations—(d) and (g) listed above—that the Tax Code does not require the Comptroller's agreement to dismiss a case and, relatedly, that former Rule 1.39 allows a taxpayer to unilaterally dismiss a pending administrative redetermination. On appeal, the Comptroller asserts that these ultra vires claims are moot because the administrative redetermination proceeding has been dismissed. We agree.

A court lacks jurisdiction to decide a case that becomes moot during the pendency of the litigation. *Heckman*, 369 S.W.3d at 161 (citing *National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999)). A case becomes moot if, since the time of filing, there has ceased

to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live" or if the parties lack a legally cognizable interest in the outcome. *Id.* (citing *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam)). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.*

Forte does not dispute that its requested declarations are moot—the Comptroller dismissed the administrative redetermination proceeding after Forte met the Comptroller's requirements, including the requirement that Forte file the underlying suit. Instead, Forte asks us to apply the "capable of repetition yet evading review" exception to the mootness doctrine because "a taxpayer would never be able to challenge the Comptroller's improper dismissal conduct in district court because it must first dismiss its administrative claims before it can proceed with its protest suit." We decline to do so in this case.

The "capable of repetition yet evading review" exception to mootness "applies only in rare circumstances." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). To invoke the exception, a plaintiff must show: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Id.* Forte has not met its burden to show the exception applies. First, it has not shown, or even alleged, that it has a reasonable expectation that it will be subjected to the same action again. *See Heckman*, 369 S.W.3d at 165 (noting that plaintiff must show that "the claim is capable of repetition *as to him*"). Moreover, it has not shown how the challenged action—i.e., the Comptroller's refusal to allow Forte to unilaterally dismiss its administrative hearing—is of such a short duration that it could not be litigated fully before the action ceased or expired. We also note that, to the extent that it is complaining about the Comptroller's construction and application of former Rule 1.39, Forte has

not explained why it could not challenge that rule under the Administrative Procedure Act, *see* Tex. Gov't Code § 2001.038 (waiving sovereign immunity for declaratory action challenging the "validity or applicability of a rule . . . if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff"). Accordingly, we hold that Forte's ultra vires claims related to the administrative proceeding are moot and, thus, the district court lacks jurisdiction over them.

*Comptroller's assessment of taxes*

The Comptroller asserts that the district court also lacks jurisdiction over Forte's remaining ultra vires claims, which challenge the Comptroller's authority to assess sales and use tax on Forte's electronic-payment service. These claims are brought under the UDJA and seek declarations (a), (b), (c), (e), and (f) described above.

Assuming without deciding that Forte has properly pleaded these ultra vires claims against the Comptroller, we nevertheless conclude that the district court lacks jurisdiction to hear them because of the redundant-remedies doctrine. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *See Patel v. Texas Dep't of Licensing & Reg.*, 469 S.W.3d 69, 79 (Tex. 2015) (citing *Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 200 (Tex. 2007)). "The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created a statutory waiver of sovereign immunity that permits the parties to raise their claims through some avenue other than the UDJA." *Id.*

The Legislature has created an explicit waiver of sovereign immunity for challenges to the Comptroller's assessment of taxes. *See EBS*, 601 S.W.3d at 749–50 (noting that Legislature has waived the State's sovereign immunity for only three types of tax challenges—protests,

14

injunctions, and refunds (citing Tex. Tax Code §§ 112.001, .051, .101, .108)). If Forte were to prevail on these ultra vires claims, its relief would be declarations establishing that it is not liable for the tax assessment imposed by the Comptroller because its form of business is not subject to Texas sales and use taxes. This is essentially the same relief that Forte will obtain if it prevails in its tax-protest suit—i.e., a judgment against the Comptroller for recovery of the taxes assessed against it because Forte's form of business is not subject to Texas sales and use taxes. Therefore, Forte already has a statutory channel by which to obtain the relief it seeks, and any remedies it could obtain through an ultra vires suit against the Comptroller would be redundant. Therefore, the district court lacks jurisdiction over Forte's ultra vires claims related to the Comptroller's assessment of taxes. *See McLane Co. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 877 (Tex. App.—Austin 2017, pet. denied) (holding that trial court lacked jurisdiction over ultra vires claims because of redundant-remedies doctrine).

## CONCLUSION

Because the district court lacks subject-matter jurisdiction over Forte's UDJA statutory-construction claims and ultra vires claims, we reverse the district court's order denying the Comptroller's plea to the jurisdiction and render judgment dismissing Forte's UDJA statutory-construction claims and ultra vires claims.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Reversed and Rendered

Filed: December 9, 2020

15