Opinion issued April 3, 2025



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-23-00695-CV

———————————

**NATALIE GEORGE AND ALL OTHER OCCUPANTS, Appellants**

**V.**

**CERBERUR SFR HOLDINGS II, L.P., Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1207389**

---

## MEMORANDUM OPINION

This appeal concerns a residential property. Appellant Natalie George leased the property from appellee Cerberur SFR Holdings, II, L.P (Cerberur). After George failed to pay rent, Cerberur filed suit to evict her and obtained a judgment entitling Cerberur to recover possession of the property. Cerberur proceeded with eviction,

removing George from the property and regaining possession.[1] George appeals the judgment.

In its brief, Cerberur asserts that the case has become moot. We agree. The law is well established that, when a tenant appeals an eviction judgment but fails to file a supersedeas bond and loses possession of the property, the appeal is moot unless the appellant presents a potentially meritorious claim of right to current, actual possession of the property. Because George does not present such a claim, the appeal is moot. Accordingly, we vacate the county court's judgment and dismiss the case.

## Background

In May 2021, Cerberur and George entered into a residential lease agreement for George to rent property owned by Cerberur. Two years later, Cerberur filed a forcible detainer action in justice court against George for non-payment of rent. Cerberur sought to regain possession of the property from George.

In June 2023, the justice court rendered an eviction judgment against George. George appealed to county court, which decided the matter de novo. In September 2023, the county court signed an eviction judgment entitling Cerberur to recover

---

[1] Besides George, the trial court's judgment was against "all other occupants" of the property, and the notice of appeal included "all other occupants." However, because the record only reflects service of process on George, and no other party has been specifically identified on appeal, we limit our discussion to George's arguments.

possession of the property from George. The county court ordered that "in the event of an appeal of this Judgment, supersedeas bond in the amount of $20,650.00 shall be posted" within 10 days. George appealed the judgment, but she did not post a supersedeas bond.

On appeal, George filed a pro se brief challenging the county court's eviction judgment. George acknowledges that she is no longer in possession of the property. Cerberur now has possession.

In its response brief, Cerberur argues that the appeal should be dismissed as moot because George is no longer in possession of the property and has not shown she has a potentially meritorious claim to current, actual possession. George did not file a reply brief or otherwise address Cerberur's dismissal argument.

**Courts Cannot Decide Moot Controversies**

This Court lacks jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021).

"A suit may become moot at any time, including on appeal." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). As a result, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). When events that occur after a judgment render the issue before this Court moot, "we may not decide the appeal." *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). Instead, we dismiss the case. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 790 (Tex. 2006).

### George's Eviction from the Property Rendered the Case Moot

The only issue in a forcible detainer action, like this one, is the right to actual possession of the property.[2] *Id.* at 785. If a defendant in a forcible detainer action fails to file a supersedeas bond following an adverse judgment, the judgment "may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Strange v. Deutsche Bank Nat'l Tr. Co.*, No. 01-23-00575-CV, 2024 WL 1862860, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet.).

Under settled and binding Texas law, when a tenant is evicted from the property (and thus no longer possesses the property), an appeal from a forcible

---

[2]   In her brief, George suggests that a "[j]udgement for money" was rendered against her. But the county court's judgment only awarded possession of the property to Cerberur.

detainer action becomes moot unless the tenant asserts "a potentially meritorious claim of right to current, actual possession" of the property. *See Marshall*, 198 S.W.3d at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)).

Here, George acknowledges that she was evicted and is no longer in possession of the property. Thus, we must dismiss the case as moot unless George has asserted "a potentially meritorious claim of right to current, actual possession" of the property. *See id.*; *see, e.g.*, *Abraham v. Victory Apartments*, 578 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (recognizing that "an appellant presents an arguable basis for current, actual possession where the appellant's lease contained an automatic-renewal provision and the appellant challenged the bases for the lease's underlying termination").

George did not meet this standard. In her brief, George acknowledges that she "got[] behind in [her] rent in September 2021." She asserts that Cerberur "sign[ed] an agreement with Harris County Emergency Assistance" and two non-profit organizations, but she does not elaborate on the agreement's contents. George states that the non-profit organizations paid $16,750 to cover her rent from November 2021 through August 2022, but she does not assert that she made any payments after that date.

The record shows that Cerberur filed its forcible detainer suit based on non-payment of rent in May 2023, nine months after George claims she made the last

rental payment. George asserts that she tried to give Cerberur partial payments and to set up a payment plan "the day before eviction." But George cites to nothing in the record and to no legal authority requiring Cerberur to accept partial rental payment. Finally, George acknowledges that she no longer has a lease for the property. *See Marshall*, 198 S.W.3d at 787 (holding that appellant had no meritorious claim of right to current, actual possession when she had given up possession and her lease had expired).

George has not asserted a potentially meritorious claim of right to current, actual possession of the property. *See id.* Because George is no longer in possession of the property and George does not raise a potentially meritorious claim of right to current, actual possession, Texas law dictates that the case is moot. *See id.* Accordingly, we lack jurisdiction to consider George's challenge to the county court's judgment. *See Harper*, 562 S.W.3d at 6.

## Conclusion

We vacate the county court's judgment and dismiss the case as moot. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 785 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice

to the rights of parties when appellate review of a judgment on its merits is precluded.").

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.